■ In the Matter of the Claim of BERTHA H. LIPSCHITZ, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent. — Appeal by claimant from a decision of the Unemployment Insurance Board, dated February 7, 1958, which overruled a prior finding by the referee and found claimant was not entitled to benefits under article 18 (Unemployment Insurance) of the Labor Law. Claimant had been associated with the retail furniture business for approximately 30 years in the capacity of bookkeeper and later as " order expediter " which she described as follows: " I would check every sale that was made by the sales department, check it against inventory control; if the merchandise was in stock or available, the order would be processed, the merchandise shipped. If the material had to be ordered, which in most cases it would, I had to order the furniture from the various factories, expedite shipment from the factories to our warehouse, and then have the order processed for delivery to the customers." In September, 1957, she started looking for work as follows: " I have been looking for both order expediting, inventory

control, clerical and bookkeeper. I have had experience as a full-charge bookkeeper in the past." Claimant was offered work with a shirt factory as an expediting order clerk at a comparable salary but after thinking it over, refused the offer apparently because she assumed it would be tedious and monotonous. The facts here are governed by subdivision 2 of section 593 of the Labor Law which reads as follows: "Refusal of employment. No benefits shall be payable to any claimant who without good cause refuses to accept an offer of employment for which he is reasonably fitted by training and experience, including employment not subject to this article." This court has held on numerous occasions that what constitutes "good cause" ordinarily is a question of fact. Section 623 of the Labor Law provides: "Decisions final. A decision of a referee, if not appealed from, shall be final on all questions of fact and law. A decision of the appeal board shall be final on all questions of fact and, unless appealed from, shall be final on all questions of law." Accordingly the determination was a question of fact based upon substantial evidence to support the finding. Decision of the Unemployment Insurance Appeal Board unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.