■ In the Matter of the Claim of MINNA K. LANGER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal· by the claimant from a decision of the Unemployment Insurance Appeal Board which denied her claim for benefits. The claimant had worked as a stenographer in Florida before she was married. She then did not work for 12 or 13 years until she went to work as a clerk for the school in Swan Lake where she lived since the time of her marriage. She did this for three or four years until the school centralized and moved its office to Liberty. The claimant then worked for two summers as an assistant bookkeeper for the Swan Lake Fish Co., a corporation run by her husband and his brother. She performed general clerical work for a salary of $50 per week. The corporation did business only during the summer months. The second summer she worked from May to October, 1958 and then filed a claim for unemployment benefits on November 24, 1958. The claimant, in an interview on December 11, 1958, stated that she restricted her employment to Swan Lake because of lack of transportation. She refused a stenographer-bookkeeper's job in Monticello (about eight miles away) because of no transportation. She was notified on December 18, 1958 that no benefits would be paid her because she was *not available* for employment and told, " Your work history pattern limited to a family enterprise is presumptive evidence that you are not genuinely attached to the labor market." On December 26, 1958 claimant requested a hearing, and on January 8, 1959 made a new statement that she would work in Liberty (five miles distant) or Monticello if transportation were available and that she would not leave such employment to return to Swan Lake Fish Co. during the Summer if she were making $75–80 per week. The notice of hearing herein stated that the purpose was to determine " Claimant's availability for employment." At the hearing only an employment interviewer appeared for the State and he was a witness. The Referee said he had a statement from the employment office contending that claimant had no real attachment to the labor market, had not shown an adequate search for work and had imposed unreasonable restrictions. He then questioned the claimant who testified she had been unable to arrange for transportation to Liberty or Monticello and that if she could, her minimum wage to work in those communities would be $75–80 per week. She stated she had called on two places in Swan Lake in October, 1958 but they did not need anybody until Spring. Mr. Bartol, an employment interviewer from Monticello, testified that there was not a fair labor market in Swan Lake and that it was principally a summer vacation area. The Referee sustained the initial determination finding that " claimant is foreclosed from all reasonable opportunity of procuring work by reason of her inability to arrange for transportation to any community offering reasonable prospects of employment." The claimant appealed to the Unemployment Insurance Appeal Board. The board affirmed the decision of the Referee. The claimant contends on this appeal that she was deprived of due process because she did not have adequate notice of the charges against her, because of the procedure of the hearing and the bias of the Referee, that the Referee's finding is not supported by substantial evidence and that her inability to arrange transportation should not deprive her of benefits. The Industrial Commissioner maintains that the claimant received a fair hearing and that the decision was supported by substantial evidence. A review of the record indicates no merit to claimant's contentions. The question of availability is a question of fact to be determined by the Referee and the Appeal Board (*Matter of Dunn* [*Corsi*], 1 A D 2d 722). There is substantial evidence in this record to support the decision. *Matter of Posselt* (*Lubin*) (3 A D 2d 881), seems applicable to the situation herein. In denying benefits in *Posselt,* this court stated : " The lack of transporta-

tion to enable claimant to report for work which was available was due to her own personal circumstances. Her lack of employment was not due to economic circumstances or the inability of employers to provide work, as contemplated by the spirit and purpose of the Unemployment Insurance Law. * * * There must not only be a willingness, but the willingness and ability to present oneself at the place of work and actually doing so." Decision unanimously affirmed, without costs. Present — Bergan, P. J. Coon, Gibson, Herlihy and Reynolds, JJ.