Chief Judge Desmond.
Claimant, a ‘ ‘ full charge bookkeeper ’ ’ was because of slack business conditions discharged from a job at which she had been paid $95 per week. After she had filed her claim for unemployment insurance benefits the State Employment Service got for her a job referral or offer of employment at $90 per week which she refused on the ground that the wage was inadequate. The Industrial Commissioner thereafter ruled that she was not entitled to insurance benefits since, as he thought, she had not brought herself within the exception found in section 593 (subd. 2, par. [d]) of the Labor Law which provides that such a claimant need not accept employment where: ‘ ‘ the wages or compensation * * * are substantially less favorable to the claimant than those prevailing for similar work in the locality ”, The Eeferee and in turn the Appeal Board overruled the Commissioner. When the matter came to the courts on the Commissioner’s appeal the Appellate Division affirmed. The court called attention to section 624 of the Labor Law which limits the court’s power of review to questions of law only and held that there was no power in the courts to upset factual determinations of the Appeal Board and that this particular determination was not erroneous in its construction or application of the law.
Some preliminary observations are in order. First, the question as to what is the ‘ ‘ prevailing wage ’ ’ for a kind of work in a locality is essentially one of fact. Second, if claimant falls within the exception she is entitled to reject the offer and collect her insurance benefits, whether or not an administrative official *239 or agency or court thinks she should have taken the offered job. Third, since the statutory test is as to whether the job offer was at a wage “ substantially less favorable to claimant ” than the “ prevailing ” wage for such work in the area, the fact that the wage for the rejected employment was nearly as high as claimant had previously been earning is not only not determinative but is of little or no legal significance. Fourth, the Appeal Board is the highest administrative body in the unemployment insurance claim adjudication hierarchy and so its determination and its construction and application of the terms “prevailing wage” and “substantially less favorable” must be accepted by the courts “ ‘ if it has ‘ ‘ warrant in the record ’ ’ and a reasonable basis in law’” — in other words, if it has a “‘rational basis’” (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104,108).
It would be impossible on this record for a court to hold as matter of law that the $90 weekly wage turned down by claimant was not substantially less favorable than the prevailing wage for such work in the locality. The underlying statistics were assembled by the department’s bureau of research and statistics and show that the range of wages paid to about 20,000 people engaged in this work (a concededly fair sampling) was from $40 to $145 per week but that about half of them were working at wages ranging from $90 to $120 weekly. The Commissioner struck from the sample the lowest and the highest quartiles as representing extreme lows and highs and then computed at $103.63 the weighted average of the middle 50%. So far, his method and his mathematics were unexceptionable. But his task under the statute was to find what was ‘ ‘ substantially less favorable” than the “prevailing wage” and this he did by holding in effect that the ‘ ‘ prevailing wage cut-off ’ ’ was $90 per week. In other words, he decided that any wage inside the middle 50% (including the $90 at the bottom thereof) was not “substantially less favorable” than the “prevailing wage”. The Appeal Board, however, pointed out that the same survey showed that 65% of all the people engaged in this work in the area earned more than $90 (5,000 receive less than $90, 2,000 get $90 and 13,000 are paid more than $90 and up to $140) and that' of the middle 50% more than two thirds were receiving wages more than 10% higher than the $90 offered to claimant. *240 Therefore, held the Appeal Board, the $90 figure was “ substantially less favorable ’ ’ to claimant than the ‘ ‘ prevailing ’ ’ wage and claimant was within her rights in refusing it. The Appeal Board adopted no “ rule ” that a wage cannot be more than 10% below the weighted average of the middle half, but held that the claimant could reject the job offer since its compensation was not within 10% of $103.63.
Surely there was a “ rational basis ” for the board’s conclusion that the offer was substantially lower than the prevailing wage for such jobs in the locality, when so large a majority of all the workers were getting more and many of them much more.
The Commissioner, however, stands firm on his own directive issued in January, 1962 after the court’s decision in Matter of Sellers (Mays, Inc.) (13 A D 2d 204). In Sellers it had been ruled that it was arbitrary and improper to take the median or middle wage in a sample as the “ prevailing wage ”. In the directive the Commissioner notified his staff that, in cases where there is no concentration of 40% or more workers at the same, wage rate, the weighted average of the middle 50% was thereafter to be used (instead of the “ median ” wage or wage of the middle worker) as the prevailing wage. As to ‘ ‘ substantially less favorable ” his order to his staff was that such a label was to be applied to any wage less than the lowest wage of the middle 50% or more than 20% below the prevailing rate. Applying those rules to the present case would require claimant to accept any job offered at $90 (lowest wage of middle 50%). The Commissioner argues that as matter of law any wage rate anywhere within the range of the middle 50% cannot be held to be substantially below the prevailing wage. The answer is that, while the Commissioner could take it as an approach or rule of thumb for administrative purposes that anything within the middle 50% range was not substantially below prevailing wages, he cannot be heard to assert that the Appeal Board, given by the statute appellate jurisdiction over his determinations, necessarily erred when it held in this case that a wage considerably lower than that enjoyed by two thirds of those similarly employed was substantially less favorable than prevailing wages. It is not an error of law to say that $90 is substantially less than $103.63. The board’s holding had a not irrational *241 basis in the particular facts, and for the courts that is the end of the matter.
The order should be affirmed, with costs.