■ In the Matter of the Claim of BERTHA LINKER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GABRIELLI, J. Claimant appeals from a decision of the Unemployment Insurance Appeal Board disqualifying her from receiving benefits effective November 4, 1965 on the ground that she refused employment without good cause (*Labor Law,* § 593, subd. 2, par. [d]). The claimant had, for some 25 years, been employed as a saleslady by various exclusive ladies' retail shops. On November 4, 1965 she was referred by the employment service to employment as a saleslady in a ladies' apparel department in a store specializing in haberdashery. There

was very little differential in salary and commissions between the proffered employment and her previous employment. She refused the job offer because she was unwilling to work in a men's store, despite the department where she would work was strictly a ladies' department and, further because she claimed her skills would not be adequately utilized. The board has found that the claimant was reasonably fitted by training and experience for the work which was offered to her. This finding is amply supported by the record. Claimant's contention that she had the right to refuse the offer of employment because all of her skills acquired in exclusive ladies' retail shops would not be utilized, is neither justified nor does it fit the test fixed by law. In *Matter of Greaser* [*Corsi*] (279 App. Div. 702, 703) this court stated: " That the full utilization of all skills is not the effective test to be applied under the statute, but rather the availability of work for which the claimant is fitted by training and experience, is being made plain by a series of judicial interpretations of which *Matter of Delgado* [*Corsi*] (278 App. Div. 237); *Matter of Strazza* [*Corsi*] (278 App. Div. 1036), and *Matter of De Bruyne* [*Corsi*] (278 App. Div. 1036) are examples." In *Matter of De Bruyne* (*supra*), the court, in deciding that a claimant was not justified in refusing to accept employment at $10 less than her customary wages said that " The statutory test of disqualification is the refusal of employment for which claimant is reasonably fitted by training and experience. The full utilization of skills is desirable, but it is not the test fixed by the law. There may be times during which, as here, there is temporarily no work which will fully utilize all of claimant's skills. While that period lasts, at least, the statute is met if employment for which claimant is fitted by ' training and experience ' is offered. When other employment which will use the higher skills becomes available, it should then be offered." (See, also, *Matter of Heater* [*Corsi*], 270 App. Div. 311.) Similarly, the claimant's contention that the hours of the proffered employment differed from her previous job and were, therefore, unsatisfactory, is not a ground for such refusal. (*Matter of Schwartz* [*Catherwood*], 27 A D 2d 617.) The question of whether a claimant refused employment without good cause is essentially one of fact and the board's determination if supported by substantial evidence must be upheld (*Matter of Spack* [*Corsi*], 305 N. Y. 753; *Matter of Schwartz* [*Catherwood*], *supra*). Decision affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.