■ In the Matter of the Claim of JOYCE SANKAR, Respondent. FEDERATED ANSWERING SERVICE, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 18, 1977, which reversed the decision of a referee and allowed benefits upon the ground that the claimant's separation from employment occurred as a result of the employer's unilateral change of days of work. The referee found that the claimant, a telephone operator, was employed by an answering service in New York City for approximately eight years until March 11, 1976. Throughout her period of employment, she worked Monday through Friday on the 4:00 P.M. to midnight shift. She did not work on weekends. In February, 1976, while on vacation, she relocated with her husband and family to Spring Valley, New York. She then requested a transfer to the 11:00 A.M. to 7:00 P.M. shift because she does not drive and no public transportation is available at the end of her prior shift. She informed the employer at this time that she could not work weekends. The employer agreed to this change, and claimant worked for two weeks, Monday through Friday, on the new shift. Thereafter, her days of work were rearranged to include rotating weekends, and, in lieu thereof, she was also offered to resume the 4:00 P.M. to midnight weekday shift without weekends. She could not work on the 4:00 P.M. to midnight shift because, as before, no transportation home was available; and she could not work on weekends because she had to care for her two children, aged eight and nine. She did not report to work thereafter. The board, in reversing the referee, found that the evidence established that the claimant's separation from employment did not result from her relocation with her spouse to another locality. Subdivision (f) of article VI of the claimant's union contract provided: "Saturday and Sunday work shall be rotated among all employees, except where not working weekends is a prior privilege." The board found that she had "a prior privilege" not to work on weekends which was protected by her union contract and concluded that her prior privilege carried over to her new work shift. We find no proof whatsoever to substantiate that conclusion. A person who worked the 4:00 P.M. to midnight shift did not have to work weekends. Other employees in other shifts were required to work rotating weekends. There was no other employee who worked the 11:00 A.M. TO 7:00 P.M. shift who did not have to work rotating weekends. We find that the board's determination that the employer's action which required her to work rotating weekends if she worked the day shift was not, as stated by the board, in derogation of her rights under the union contract. Claimant's working problems began when she changed her residence from New York to Spring Valley. Lack of suitable transportation when one has moved does not entitle a person to unemployment benefits (*Matter of Leon [Catherwood]*, 25 AD2d 925; *Matter of Langer [Catherwood]*, 11 AD2d 560). The board's conclusion that her separation of employment was under nondisqualifying conditions is not supported by the record. Claimant's refusal to work under the terms of the union negotiated contract and the facts of this case preclude her from unemployment benefits. Decision reversed, without costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.