■ In the Matter of the Claim of MAUREEN CONSENTINO, Appellant.

PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 2, 1978, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective November 8, 1977 because she voluntarily left employment without good cause. Claimant was employed at the Ford Nursing Home in Cohoes, New York. She had completed the educational requirements, examinations and application for licensure as a registered professional nurse (RN) and thereby was entitled to and did obtain a temporary permit to practice as an RN, pursuant to section 6905 of the Education Law. When the permit expired on or about November 6, 1977 by reason of claimant's failure to pass the examinations, the employer suggested that the claimant obtain a permit to practice as a licensed practical nurse (LPN), pursuant to section 6906 of the Education Law, which would allow her to continue her employment and to perform substantially the same duties that she had been performing. While initially receptive to the proposal, when apprised of the fact that her rate of pay would drop from the $5.14 an hour she had been receiving to the LPN starting level of $3.45 an hour, claimant rejected the proposal and submitted her resignation. Concededly, her only reason for refusing the offer of employment was the lower pay scale. The board found that the claimant could have continued working and that she left solely because she was dissatisfied with the rate of pay, a reason which it found to be personal and noncompelling. Accordingly, it found her ineligible for benefits for voluntarily leaving employment without good cause. The claimant contends that since the wage offered was substantially less than claimant had been receiving before the cancellation of her permit and the job duties of each position were substantially the same, section 593 (subd 2, par [d]) of the Labor Law mandates a finding that claimant's leaving was for good cause, and she also contends that this court's holding in *Matter of Michel (Presbyterian Hosp. in City of N. Y.—Ross)* (60 AD2d 438) dictates a finding of eligibility. It is to be noted that the question of whether a claimant has refused alternative employment with good cause is basically a question of fact *(Matter of Green [Republic Steel Corp.—Levine],* 37 NY2d 554; *Matter of Spack [Corsi],* 305 NY 753; *Matter of Linker [Catherwood],* 27 AD2d 884). If there is substantial evidence in the record, the administrative determination is both rational and final (Labor Law, § 623; *Matter of Green [Republic Steel Corp.—Levine], supra; Matter of Tucker [Lubin],* 8 NY2d 1145; *Matter of Lipschitz [Lubin],* 7 AD2d 777) and the court's function is fulfilled. The board is also charged with the responsibility of interpreting the various provisions of the Labor Law relating to unemployment insurance *(Matter of Marsh [Catherwood],* 13 NY2d 235, 239). Moreover, "The act [Unemployment Insurance Law] was designed to 'lighten [the] burden' of 'involuntary unemployment' which 'so often falls with crushing force upon the unemployed worker and his family' ". (Labor Law, § 501.) "The primary purpose of the law is to ease the hardship of involuntary unemployment due to economic conditions or other conditions beyond the control of the employee. It was not intended as a substitute for a minimum wage law. * * * It was not intended to regulate wages—it was intended as a substitute for the complete loss of wages forced upon an employee. (Labor Law, §§ 501, 522.)" *(Matter of Sellers [J. W. Mays, Inc.—Catherwood],* 13 AD2d, 204, 205-206; *Matter of Shanley [Catherwood],* 27 AD2d 496, 499; see, also, *Matter of Bus [Bethlehem Steel Corp.—Catherwood],* 37 AD2d 98, 101, affd 32 NY2d 955.) After careful review of the record, with these principles in mind, we find the claimant's contentions without merit and claimant's reliance on

*Matter of Green (supra)* and *Matter of Marsh (supra)* to be misplaced. In the former, the claimant had never worked at the proffered employment and there was no evidence that he was fitted for the job through training and experience, a circumstance not present in the case at bar. In the latter, there was a question of prevailing wage with a finding that the wage offered was substantially less favorable than the prevailing wage for such work in the locality. Again, no such circumstance prevails here. This case is more akin to *Matter of Bus (supra)* where we pointed out that subdivision 2 of section 593 of the Labor Law contains four paragraphs which specify what shall be deemed not to be "without good cause" and that the wage offered was less than what the claimants had been previously earning is not mentioned therein. Accordingly, we held that the board's determination was erroneous as a matter of law and that one could not refuse suitable full-time employment for which he is equipped by training or experience. As then Presiding Justice Herlihy wrote *(supra,* p 102), "A percentage reduction in salary or wages cannot alone be controlling—'pragmatism' is a word of consequence in the field of Unemployment Insurance Law." Finally, claimant's assertion that our decision in *Matter of Michel (supra)* dictates a finding of eligibility herein is likewise unfounded. The question posited there was whether the failure to adequately prepare for permanent licensure by permit nurses and their resultant failure, on three occasions, to pass the requisite examination was conduct that provoked discharge. Refusal of alternative employment was not involved in the case because none was ever offered. Since the board's decision was supported by substantial evidence, it should be affirmed. Decision affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.