◼    In the Matter of JEAN IVES, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered June 21, 1978 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education and to be reinstated to a full-time teaching position in the South Jefferson Central School District with all back pay and benefits. Judgment affirmed, without costs, on the opinion of Mr. Justice Hughes at Special Term. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

◼    In the Matter of the Claim of DAVID KUDYSCH, Respondent. HILLCREST GENERAL HOSPITAL, Appellant. PHILLIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 27, 1978, which affirmed the decision of a referee overruling the initial determination of the Industrial Commissioner and held that claimant's employment ended under nondisqualifying conditions. By initial determination effective February 27, 1978, claimant was disqualified from receiving benefits on the ground that he voluntarily left his employment without good cause. The referee's decision overruling this determination was affirmed by the board and this appeal ensued. Claimant was employed by appellant for approximately 10 weeks until February 26, 1978. When claimant's car, which he used to travel to his employment, became inoperable, he requested appellant's assistance in providing alternative transportation until his vehicle was repaired. The board found that appellant was unable to provide alternate transportation and discharged claimant because he could not come to work. It was noted that had claimant used public transportation he would have been required to travel in excess of two hours. The board concluded that claimant had a compelling reason not to come to work and, consequently, held that his employment ended under nondisqualifying conditions. We disagree with the conclusion reached by the board. Appellant was under no duty to furnish claimant transportation (Matter of Posselt [Lubin], 3 AD2d 881). The lack of suitable transportation does not entitle a claimant to unemployment benefits (Matter of Leon [Porta Aluminum-Catherwood], 25 AD2d 925; Matter of Langer [Catherwood], 11 AD2d 560). The determination of the board that claimant's employment ended under nondisqualifying conditions is not supported by the record and, therefore, the facts of this case preclude him from unemployment benefits (Matter of Sankar [Federated Answering Serv.—Ross], 60 AD2d 951). The board's decision must be reversed. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.