■   In the Matter of the Claim of EUGENIA MANGI, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 23, 1979. Claimant was last employed as a permanent substitute teacher although she had previously been employed as a per diem substitute teacher. She filed for benefits on July 6, 1978 and on September 20, 1978 she was offered employment for one day as a per diem substitute teacher. She refused the proffered employment, indicating at the hearing that she did so because she did not want to work as a per diem substitute and also because the salary was less than in her previous employment. The board found that claimant had refused employment for which she was reasonably fitted by training and experience and that such refusal was for personal and noncompelling reasons. Consequently, she was disqualified from receiving benefits. The board also found that claimant was overpaid $954.25 in benefits and ruled them to be recoverable because she had made a false statement to the local office when she certified that she had not refused employment. This appeal ensued. There is no real question that claimant was reasonably fitted by training and experience for the proffered employment. Whether she had good cause for refusing the employment raises a factual question for the board's determination and if the decision of the board is supported by substantial evidence, it must be affirmed (Matter of Bruce [Levine], 51 AD2d 853). The fact that the proffered employment was not permanent is not a justifiable excuse (Matter of Walls [Catherwood], 26 AD2d 883; Matter of Kotlowitz [Catherwood], 24 AD2d 813). Claimant's contention that she had good cause to refuse the employment because the wage offered was lower than she had previously been receiving is also without merit. It has not been established or argued that the wages offered to claimant were substantially less favorable than those prevailing for similar work in the locality. The fact that the offered wages are less than what had been previously earned does not constitute good cause for refusing employment (Matter of Consentino [Ross], 71 AD2d 1042; Matter of Bus [Bethelehem Steel Corp.—Catherwood], 37 AD2d 98, affd 32 NY2d 955). There is substantial evidence in the record to support the board's determination that claimant refused employment without good cause. Consequently, so much of the board's decision as disqualified claimant from receiving benefits effective September

20, 1978 on the ground that she refused employment without good cause must be affirmed. Concerning the determination that claimant received an overpayment of some $954 ruled to be recoverable, there is a lack of evidence in the record that claimant at any time certified that she had not refused employment. In fact, it is conceded by respondents that the standard weekly certification form signed by claimant does not contain such a statement. Accordingly, so much of the board's decision as ruled the overpayment to claimant recoverable must be reversed and the matter remitted to the board. Decision modified, by reversing so much thereof as ruled the overpayment of $954.25 to be recoverable, and, as so modified, affirmed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.