■ In the Matter of the Claim of CHRISTINE I. VIOLANTI, Appellant. LILLIAN ROBERTS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 1, 1982, which disqualified claimant from receiving benefits because she voluntarily left her employment without good cause. Claimant has been a tax service representative for the Internal Revenue Service for four years, working on a seasonal basis primarily during the peak January through April periods. On July 8, 1981, she volunteered to be furloughed under the terms of a union contract, and when she left, she was given no specific date of return. A recent amendment to section 593 (subd 1, par [a]) of the Labor Law (L 1981, ch 234, § 1, eff June 15, 1981), provides an exception to the disqualification for voluntary leaving of employment without good cause "if the claimant, pursuant to an option provided under a collective bargaining agreement or written employer plan which permits waiver of his right to retain the employment when there is a temporary layoff because of lack of work, has elected to be separated for a temporary period and the employer has consented thereto". The appeal board, in interpreting this statute in the instant case, required an agreement between employer and employee as to the duration of the temporary layoff. Claimant contests this interpretation. It is well settled that appellate courts must accept the board's construction and application of terms in the Unemployment Insurance Law if that construction has a rational basis (*Matter of Marsh* [*Catherwood*], 13 NY2d 235, 239; *Matter of Newman* [*Catherwood*], 24 AD2d 1042). The board's interpretation of section 593 (subd 1, par [a]) of the Labor Law does have a rational basis. Although claimant argues that the requirement that a layoff be "for a temporary period and the employer has consented thereto" should be construed to mean either any nonpermanent employee termination or any termination which, due to the employer's past practices, impliedly is temporary, it is at least an equally reasonable construction of the statutory language to require an explicit agreement between the employer and the employee at the time of the layoff as to the length of the temporary separation. Both the Governor's memorandum of approval and the Deputy Industrial Commissioner for Legal Affair's letter to the Governor's counsel prior to approval stated that the amendment would be limited to situations where "the duration of the layoff is fixed by agreement". Additionally, in establishing guidelines to carry out this statute, the Industrial Commissioner, in Field Memorandum No. 4-81, interpreted the amendment to have six essential elements for applicability, the last being that "[t]he separation is for

a temporary period whose length is agreed to by the employer and the claimant". Thus, the appeal board's construction is supported by the language of the statute, documents reflecting its legislative history, and the interpretation given the statute by the agency responsible for its administration. Its construction is not irrational or unreasonable and should be upheld (*Matter of Marsh [Catherwood]*, 13 NY2d 235, 239, *supra;* see, also, *Matter of Howard v Wyman,* 28 NY2d 434, 438). Furthermore, substantial evidence in the record supports the board's determination that no agreement existed between claimant and her employer regarding the length of her furlough. True, claimant and the employer did testify at the hearing as to an unspoken understanding, based on the employer's past practice, that claimant would return in the fall or, at the latest, by the beginning of January. However, at the time claimant stopped working, she clearly was not given any specific date for recall, and when the employer filled out an unemployment insurance form for claimant, he stated that no length of layoff was agreed to and that the length of her layoff was "indefinite". Decision affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.