■ In the Matter of the Claim of KENNETH PANKIEWICZ, Respondent. NEW YORK TELEPHONE COMPANY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 21, 1982. Claimant was employed by New York Telephone Company (employer) as a customer service representative from January 19, 1981 until December 24, 1981, earning $223.50 per week. After this job terminated, he applied for unemployment insurance benefits; thereafter the employer offered him a temporary six-month position as a service clerk, earning $205 per week. The new job included: (1) a change in union from the Telephone Commercial Union, which represented claimant's old job, to the Communications Workers of America (CWA), which represented the new job; (2) a change and decrease in benefits (since the two unions had negotiated different contracts with different benefits); and (3) assignments in various company offices in western New York for periods lasting from a few days to several weeks. He refused the job offer, but was then nevertheless initially determined to be eligible for benefits. Following a hearing, however, an Administrative Law Judge overruled that determination on the ground that claimant refused employment without good cause. This determination was in turn overruled by the Appeal Board, which found that claimant had good cause to refuse the service clerk job offer on a series of grounds: (1) that the change in union representation for the new job would have violated section 593 (subd 2, par [a]) of the Labor Law; (2) that he would have suffered a decrease in his salary and fringe benefits; and (3) that he would have been required to travel extensively and work at an unreasonable distance from his home. The employer has appealed. Section 593 (subd 2, par [a]) of the Labor Law states that a refusal to accept employment does not disqualify a claimant from receiving benefits if the proffered job would require the claimant "to join a company union or would interfere with his joining or retaining membership in any labor organization". Surely the CWA, the union representing the job claimant declined, is not a prohibited "company union" (see Labor Law, § 701, subd 6; § 704, subd 4; *Matter of Stork Rest. v Boland,* 282 NY 256; *Matter of Russell [Catherwood],* 33 AD2d 592, mot for lv to app den 26 NY2d 609, cert den 399 US 936). Furthermore, the prohibition against interfering with an employee's "joining or retaining membership in any labor organization" is directed against the evils of conditioning a job or unemployment benefits on an employee's refraining from joining a union (see *Matter of Stork Rest. v Boland,* 282 NY 256, *supra;* Labor Law, § 704, subd 4) or of requiring a claimant to accept employment which might reasonably be expected to lead to loss of union membership (see *Matter of Grandin [Catherwood],* 19 AD2d 448, 450-451). Section 593 (subd 2, par [a]) plainly is not intended to prohibit a change of unions necessitated, as here, because a new job would place the employee in a bargaining unit represented by a different union than the one which repre-

sented him in his prior job.[*] Therefore, the board erred as a matter of law in finding that the change of union involved here constituted good cause for refusing the offer of new employment. The board, however, alternatively found that the combination of extensive travel at an unreasonable distance from his residence and a decrease in salary and benefits provided good cause for claimant to refuse the service clerk position. Our review of the record reveals substantial evidence to support the board's findings. In the service clerk position, claimant would no longer have worked in one location, but instead would have traveled constantly to assignments at various company offices throughout western New York, with up to four or six weeks at each location. Certainly the board was not unreasonable in finding that assignments throughout western New York constituted employment at an unreasonable distance from claimant's residence (Labor Law, § 593, subd 2, par [c]). Furthermore, while the 8.1% decrease in salary and unspecified decrease in benefits would *alone* probably be insufficient to constitute good cause to refuse the service clerk position (see *Matter of Bus [Bethlehem Steel Corp. — Catherwood]*, 37 AD2d 98, 101-102, affd 32 NY2d 955), here claimant was clearly faced with more than a loss of pay (see *Matter of Green [Republic Steel Corp. — Levine]*, 37 NY2d 554, 559-560). Therefore, the board could reasonably conclude that the combination of a change to a traveling job covering western New York and reduced pay and benefits gave claimant good cause to refuse the position. The decision appealed from should be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.

---

[*] Claimant does not even object to joining CWA. We note that when he learned at the hearing that the new union would be CWA, he volunteered: "If I would have known that, I would have done that [taken the job] because I know the CWA is a better union than the TCU which I belonged to."