■ In the Matter of the Claim of VIRGINIA DENZEL, Respondent. MERCHANTS MUTUAL INSURANCE COMPANY, Appellant. LILLIAN ROBERTS, as Commissioner

of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 14, 1983, which ruled that claimant's refusal of employment was with good cause and awarded claimant benefits. Claimant had worked for an insurance company, first as a computer operator and then as an implementation co-ordinator, from 1976 until 1981 when she began a maternity leave of absence. In May, 1982, when claimant was prepared to return to work, she was advised that her position had been abolished and that she would be placed on a call-back list. Claimant collected unemployment insurance benefits from May until August of 1982. At that time, the employer called her in and offered her a position as computer operator with a reduction in pay from her last position. In addition, rather than her previous schedule of working four days a week from 8:00 A.M. to 8:00 P.M., claimant was offered hours from noon to 8:00 P.M. five days a week. Claimant would have been the only employee working those hours. Previously, claimant had car-pooled from her home in the suburbs of Buffalo to downtown Buffalo. At the hearing, claimant testified that she did not live on a bus route and had never taken a bus from her home into Buffalo. She also testified that the family had only one car which her unemployed husband needed to look for a job. The administrative law judge reversed the initial determination of the local office which had disqualified claimant from receiving benefits because she refused employment for which she was reasonably fitted by training and experience. The board affirmed the decision of the administrative law judge which found that claimant had good cause for refusing employment because of the reduction in her salary and the hours she would have to work. This appeal by the employer ensued. There must be a reversal. This court has previously noted that the primary purpose of unemployment insurance is as a substitute for the complete loss of wages, not as a substitute for the minimum wage law. "One cannot refuse suitable full-time employment for which he is equipped merely because a different type of employment is preferred * * *. A percentage reduction in salary or wages cannot alone be controlling — 'pragmatism' is a word of consequence in the field of Unemployment Insurance Law" (*Matter of Bus [Bethlehem Steel Corp. — Catherwood]*, 37 AD2d 98, 102, affd 32 NY2d 955 [citation omitted]). Claimant herein had previously held the position that she was offered, and the testimony of the employer's representative indicated that she could expect to reach her former salary within one year. The lower salary offered to claimant does not constitute good cause for refusing employment (*Matter of Mangi [Ross]*, 78 AD2d 571). We would also note that an employee's preference for particular hours of employment does not constitute good cause to refuse employment (*Matter of Nonnon [Ross]*, 74 AD2d 943; *Matter of Linker [Catherwood]*, 27 AD2d 884). Neither does the lack of suitable transportation entitle a claimant to unemployment benefits (*Matter of Kudysch [Hillcrest Gen. Hosp. — Ross]*, 72 AD2d 901). Claimant's contention regarding the difficulty of traveling to her place of employment does not meet the statutory standard of good cause (Labor Law, § 593, subd 2, par [c]). The decision of the board that claimant refused an offer of employment with good cause is not supported by substantial evidence in the record and must be reversed (*Matter of Kudysch [Hillcrest Gen. Hosp. — Ross]*, supra). Decision reversed, without costs, and employer's objection to claimant's entitlement to benefits sustained. Sweeney, J. P., Kane and Weiss, JJ., concur.

Casey and Mikoll, dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). What constitutes good cause for a claimant to refuse alternative employment for which he or she is qualified is a factual question for the board, and if supported by substantial evidence in the record, its decision must be affirmed (*Matter of Green [Republic Steel Corp. — Levine,]*, 37 NY2d 554, 559). There is evidence in the record herein that the offer of

employment was at substantially reduced pay for more hours than claimant's prior employment, and she would have been working a different shift which left her with no available transportation. The board's finding of good cause is not based on any single factor, such as reduced pay (see *Matter of Bus [Bethlehem Steel Corp. — Catherwood]*, 37 AD2d 98, 102, affd 32 NY2d 955). Rather, it is based on a combination of factors, establishing that claimant was faced with more than a loss of pay and, therefore, the decision should be affirmed (*Matter of Pankiewicz [New York Tel. Co. — Roberts]*, 94 AD2d 923, 924).