■ In the Matter of the Claim of VALERIE IACOBELLI, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 30, 1984, which ruled that claimant was ineligible to receive benefits and charged her with a recoverable overpayment of benefits.

Claimant was employed as a secretary by the New York Office of the Japan Development Bank (JDB) during her base period of September 6, 1982 through September 4, 1983. Claimant filed an original claim for benefits effective September 5, 1983. After she collected five weeks of benefits, the commissioner determined that she was ineligible to receive benefits because her base period employer was an instrumentality of a foreign government and thus not a covered employer under the Unemployment Insurance Law.

The Unemployment Insurance Appeal Board properly ruled that claimant's services, rendered for an instrumentality of a foreign government engaged in noncommercial activities of that government, were not in covered employment. The determination of the board should therefore be affirmed.

Under the doctrine of sovereign immunity, the sovereign immunity of agencies and instrumentalities of foreign governments is recognized when the agency or instrumentality is engaged in governmental activities, rather than activities of a commercial nature (see *Victory Transp. v Comisaria General de Abastecimientos y Transportes,* 336 F2d 354, cert den 381 US 934). The Foreign Sovereign Immunities Act of 1976 (US Code, tit 28, § 1602 *et seq.*) was enacted in order to codify the restrictive theory of sovereign immunity without substantive change, while transferring determinations regarding immunity from the Department of State to the courts (see *National Amer. Corp. v Federal Republic of Nigeria,* 448 F Supp 622, affd 597 F2d 314). The doctrine of sovereign immunity, as codified, is stated in terms of immunity from claims in Federal and State courts (US Code, tit 28, § 1604). It is appropriate, therefore, that this doctrine be construed as a limit on the jurisdiction of State agencies.

In the instant case, although JDB is a legal entity separate from the Japanese sovereign, it is wholly owned and directly controlled by the Japanese government. JDB's activities in New York are limited to gathering information concerning governmental, financial and economic development, acting as liaison in connection with capital-raising activities of its main office and coordinating visits by personnel of its main office or related governmental ministries. Although the word "bank" appears in its name, its New York office does not exercise, and is not authorized to exercise, any powers of a commercial bank. This situation is patently different from that present in *Matter of Irish Int. Airlines (Levine)* (48 AD2d 202, affd 41 NY2d 819) and *Matter of Argentine Airlines (Ross)* (64 AD2d 994, mot for lv to app den 47 NY2d 708, cert den 444 US 973), where foreign instrumentalities primarily engaged in activities of a commercial nature were found to be subject to the Unemployment Insurance Law.

Decision affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.