■ In the Matter of the Claim of MARY WACKSMAN, Respondent. COUNTY OF NASSAU et al., Appellants; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 23, 1986, which ruled that claimant was entitled to receive benefits.

Claimant's employer alleges that claimant voluntarily left her job without good cause and thus should have been disqualified from receiving unemployment insurance benefits. Whether a claimant voluntarily left employment without good cause is a factual question for the Unemployment Insurance Appeal Board and, if supported by substantial evidence, that determination will not be disturbed (Matter of Steed [Roberts], 115 AD2d 166). The relevant factual findings of the Board in this case, all of which are supported by substantial evidence, are as follows. Claimant was an employee of the Nassau County Department of Senior Citizens Affairs with 10 years' experience working with senior citizens. She had consistently received favorable evaluations and had attained the position of supervisor. In 1983, however, she was transferred to another office, put under the supervision of an employee who was on a lower grade level and assigned to do clerical duties. The transfer significantly increased the distance of her commute. She was given no explanation for the sudden change in her status and attempts to regain her status through grievance procedures were unsuccessful. The Board concluded: "It is clear * * * that claimant, a person of professional standing and with 10 years experience in the agency was obliged, with no adequate explanation being given to her, to perform services not commensurate with her experience and professional standing, and in a position subordinate to that of an individual who held a significantly lower civil service grade. These conditions represented a substantial change in the conditions of her employment and were exasperated by the change in location causing claimant to incur substantial commuting expenses."

In light of the combination of circumstances involved in this case, the Board's finding that claimant had good cause to leave her employment should be affirmed (see, Matter of Denzel [Merchants Mut. Ins. Co.—Roberts], 98 AD2d 931, 933,

*revd on dissenting opn below* 62 NY2d 1012; *Matter of Pan-kiewicz [New York Tel. Co.—Roberts]*, 94 AD2d 923).

Decision affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.