■ In the Matter of the Claim of IRENE BOOKHARD, Respondent. NEW YORK CITY LAW DEPARTMENT, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Main, J. P., Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 1986, which ruled that claimant was entitled to receive benefits.

Claimant, the mother of infant twins and a night student at law school, was hired as a student legal specialist by the employer on July 2, 1984. A condition of her employment was that she be attending law school. During a previous semester, claimant had encountered difficulty in securing baby-sitters and had been forced to curtail her law school attendance. As a result and after commencing her employment, she discovered that her grades dropped substantially; she was placed on probation and was in danger of expulsion. Still unable to make satisfactory arrangements for the proper care of her children, claimant discussed her situation with her professors. She was advised to take a leave of absence until satisfactory child care arrangements could be made so as to avoid the risk of expulsion. Claimant advised the employer of her predicament and although the employer attempted to locate a job for her not requiring law school attendance, such a position was not available, and claimant was terminated. On these facts, the Administrative Law Judge found that claimant's absence from school was due to circumstances beyond her control and that the employer failed to demonstrate that it had no alternative to terminating claimant. The Unemployment Insurance Appeal Board affirmed the finding that claimant was entitled to benefits.

The employer contends on this appeal that claimant provoked her discharge and thus is not entitled to unemployment benefits. We disagree. The doctrine of provoked discharge, in reality a special type of voluntary separation without good cause under Labor Law § 593 (1), "is a narrowly drawn legal fiction designed to apply where an employee voluntarily en-

gages in conduct which transgresses a legitimate known obligation and leaves the employer no choice but to discharge him" *(Matter of De Grego [Levine],* 39 NY2d 180, 183). The question of whether a claimant voluntarily left her employment without good cause is a factual question for the Board and, if supported by substantial evidence, its determination will not be disturbed *(see, Matter of Wacksman [County of Nassau—Roberts],* 129 AD2d 848).

Such substantial evidence is present here. As noted above, claimant, in order to have provoked her discharge, must *voluntarily* have engaged in the conduct which precipitated her termination *(see, Matter of Michael [Long Is. Coll. Hosp.— Ross],* 60 AD2d 438, 440, *lv denied* 45 NY2d 708). While it ultimately was claimant's decision to take a leave of absence from school, she really had little choice in the matter; if she did not take the leave of absence, she would risk being expelled from school and would jeopardize the attainment of her ultimate career objective. The provoked discharge doctrine is of very limited application *(see, Matter of De Grego [Levine], supra,* at 183-185), and claimant's conduct in this case is not the type of voluntary conduct appropriate for application of the doctrine *(see, e.g., Matter of Malaspina [Corsi],* 309 NY 413). Accordingly, although the employer terminated claimant for valid reasons, there is substantial evidence that claimant did not voluntarily leave her position without good cause, and the decision of the Board awarding her benefits should be affirmed.

Decision affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.