■ In the Matter of the Claim of LYLE LAMICA, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 29, 1990, which, upon reconsideration, adhered to its original decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Upon reopening its decision for the sole purpose of determining whether there was compliance with the consent judgment in Municipal Labor Comm. v Sitkin (79 Civ 5899), the Unemployment Insurance Appeal Board found no substantial violations of procedural standards and it therefore adhered to its original decision disqualifying claimant from receiving

benefits. Since claimant does not now allege any procedural errors, the Board's decision should be upheld. In any event, the record supports a finding that claimant voluntarily left his employment without good cause when he resigned when his car became inoperable; he neither asked for a leave of absence until he could afford to get his car fixed nor did he ask for a change in his work shift to try to work out a car pool. It has been held that a person is not entitled to unemployment insurance benefits if he leaves his employment due to lack of suitable transportation *(see, Matter of Kudysch [Hillcrest Gen. Hosp.—Ross],* 72 AD2d 901).

Decision affirmed, without costs. Casey, J. P., Weiss, Mercure, Crew III, and Harvey, JJ., concur.