■ In the Matter of the Claim of JAMES REGNANTE, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 20, 1991, which ruled that claimant was ineligible to receive unemployment insurance benefits because he did not have sufficient weeks of covered employment to file a valid original claim.

The Unemployment Insurance Appeal Board ruled that a "governmental entity" under Labor Law § 565 (1) means the State of New York, municipal corporations and any other governmental subdivision or instrumentality thereof. The Board therefore concluded that the State of Indiana, for whom claimant worked as a tax auditor in New York, was not a governmental entity within the meaning of that statute. We cannot say that this conclusion lacks a rational basis or is arbitrary and capricious *(see, Matter of Violanti [Roberts],* 89 AD2d 727; *Matter of Newman [Catherwood],* 24 AD2d 1042). Furthermore, while mandatory coverage extends to employees of foreign state-owned commercial ventures, it does not apply to those engaged in noncommercial activities of foreign governments *(see, Matter of Iacobelli [Roberts],* 107 AD2d 882.) Claimant's work as a tax auditor could properly be considered a governmental activity for which coverage was not required *(see, supra).* Additionally, Indiana did not elect coverage for its employees in New York *(see,* Labor Law § 561). Under these circumstances, the decision by the Board denying unemployment insurance benefits to claimant must be upheld. Claimant's remaining contentions have been considered and have been rejected as lacking in merit.

Mahoney, P. J., Weiss, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.