■ In the Matter of the Claim of Susan Knoblauch, Respondent. Mark Custom Recording, Appellant; John E.

---

SWEENEY, as Commissioner of Labor, Respondent. [657 NYS2d 250] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 12, 1996, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant, a graphic artist, worked for the employer from February 1989 until March 1993. She resigned from her position following the employer's decision to reduce her hours and to eliminate her health insurance benefits. After leaving her employment, the employer offered her another job which she declined. Thereafter, she applied for and received unemployment insurance benefits. The employer challenged claimant's receipt of benefits on the grounds that, *inter alia,* she voluntarily left her employment without good cause and refused an offer of suitable employment without good cause. The Unemployment Insurance Appeal Board ruled that claimant was eligible to receive benefits and this appeal by the employer ensued.

Based upon our review of the record, we find that the Board's decision is supported by substantial evidence. Although leaving employment without good cause generally disqualifies a claimant from receiving unemployment insurance benefits (*see,* Labor Law § 593 [1] [a]), good cause may be found where the circumstances surrounding the employment would have justified the claimant in refusing the employment in the first instance, such as where the wages, hours and benefits are substantially less favorable than those of similar positions in the locality (*see,* Labor Law § 593 [1] [a]; [2] [d]). This determination, however, is a factual question for the Board to resolve (*see, Matter of Bookhard [New York City Law Dept.—Roberts],* 131 AD2d 912, 913; *Matter of Wacksman [County of Nassau— Roberts],* 129 AD2d 848).

In the instant case, it was established that claimant began working for the employer at a salary of $6.80 per hour, five days per week, eight hours per day. In October 1989, the employer began paying for claimant's health insurance. In December 1992, claimant, who had acquired significantly more responsibility, requested a raise in pay. Her salary was increased to $11 per hour, but she was advised that her hours would be reduced. Her hours were initially reduced to four days per week and then to three days per week. Thereafter, she was advised that the employer would no longer pay for her health insurance and she resigned. In our view, there was a substantial decline in the terms and conditions of claimant's employment from the time she initially started working for the employer which provided good cause for her to leave her employment. Therefore, we decline to disturb the Board's finding on this issue.

Likewise, we decline to disturb the Board's finding that claimant did not refuse an offer of suitable employment without good cause. The offer made to claimant required her to perform the same duties she performed prior to her resignation at a salary of $7 per hour, three days per week, with no health insurance. This offer was substantially less favorable than the terms of her employment prior to her resignation and, therefore, she was under no compulsion to accept it (*cf.*, *Matter of D'Allesandro [Hudacs]*, 186 AD2d 954).

Mercure, J. P., Crew III, Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.