■ In the Matter of the Claim of BETSY GOLDSTEIN, Respondent. EPSTEIN, BECKER & GREEN, P. C., Appellant; COMMISSIONER OF LABOR, Respondent. [674 NYS2d 804] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 2, 1997, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed for eight years by a law firm as a

word processor during which time her young children were cared for by a babysitter. In June 1994, claimant discharged the babysitter after becoming concerned about her frequent motor vehicle accidents. Although claimant was given a two-week leave of absence to enable her to locate a replacement child-care provider, she was unable to find anyone suitable who could begin work before mid-August. Hence, claimant could not comply with the employer's directive to return to work by August 1, 1994 and she was, accordingly, discharged. The Unemployment Insurance Appeal Board subsequently ruled that claimant was entitled to receive benefits because she did not voluntarily leave her employment but, rather, was discharged when she failed to return to work by the employer's established deadline.

The record supports the Board's findings that claimant made diligent efforts to protect her employment by requesting a leave, maintaining regular contact with the employer during her absence and making diligent efforts in the course thereof to obtain acceptable child care. Under the circumstances presented here, substantial evidence supports the Board's finding that claimant was entitled to receive benefits (see generally, Matter of Bookhard [New York City Law Dept.—Roberts], 131 AD2d 912 [Board ruled claimant entitled to benefits after lack of child care caused her to take leave of absence from law school, precipitating her firing from employment that required law school enrollment]; cf., Matter of Romano [Sweeney], 239 AD2d 690 [Board ruled claimant, who left employment due to lack of child care and failed to ask employer for leave of absence, disqualified from receiving benefits).

Cardona, P. J., Mikoll, Crew III, White and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.