■ In the Matter of the Claim of GAIL M. ZWIEBEL, Appellant. COMMISSIONER OF LABOR, Respondent. [678 NYS2d 702] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 14, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was hired as a commissioned insurance sales representative for a bank subsidiary with the understanding that the employer's customer service representatives would refer customers to her who had expressed an interest in purchasing life insurance policies or annuities. Thereafter, the employer authorized the customer service representatives to sell certain types of insurance and annuity products to customers that had been previously referred to claimant. Believing that this new policy would lead to a drastic decline in her income, claimant resigned. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. We affirm. Our review of the record reveals that although claimant received less customer referrals following the policy change, she also experienced a significant increase in income. In view of this, the Board could conclude that the policy change did not amount to a substantial change in the terms and conditions of claimant's employment so as to furnish good cause for her resignation (*cf., Matter of Knoblauch [Mark Custom Recording— Sweeney]*, 239 AD2d 761). The Board's decision is, accordingly, affirmed.

Mercure, J. P., Crew III, White, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.