■ In the Matter of the Claim of CHUNG M. CHEE, Respondent. STERLING SOMMER, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [728 NYS2d 294] —Carpinello, J. Appeal from

---

* Notably, the record does not include all the addenda to the contract between Gaetano and the owner.

a decision of the Unemployment Insurance Appeal Board, filed February 9, 2000, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was hired by the employer in August 1995 to work as a press feeder/operator. His duties were, *inter alia,* to set up and operate a printing press by stocking it with paper and ink. He also cleaned the press and maintained it in working order. Claimant applied for and received unemployment insurance benefits after he was laid off in March 1999. At this time, he was earning $12.44 per hour.

In July 1999, he was contacted by his employer who offered to rehire him to his previous position at the same hourly rate. Claimant rejected the offer. As a result, the employer contested claimant's right to receive continued unemployment insurance benefits after he had turned down a bona fide offer of reemployment (*see,* Labor Law § 593 [2]).

An administrative hearing ensued resulting in a determination that claimant was entitled to continued benefits because the prevailing rate of pay earned by workers in the same locality in positions similar to his was $14.88 per hour, i.e., over 10% more than the salary of $12.44 per hour that claimant would be paid if he resumed his previous employment. The Administrative Law Judge ruled that this fact constituted good cause to reject the job offer, rendering claimant qualified for continued benefits (*see,* Labor Law § 593 [2] [d]; *see also, Matter of Marsh [Catherwood],* 13 NY2d 235, 240). The Unemployment Insurance Appeal Board agreed. We affirm.

A determination of whether a job refusal was justified thereby rendering the claimant eligible for continued benefits has been held to pose a question of fact to be resolved by the Board and its decision will be left undisturbed by a reviewing court so long as there is substantial evidence to support it (*see, Matter of Heller [Sweeney],* 240 AD2d 791). Substantial evidence supports the Board's decision in this matter.

Testimony presented at the administrative hearing established that claimant's job responsibilities were consistent with the job title of machine "feeder/offbearer" as defined by the Federal Department of Labor. Further evidence supported the finding that the prevailing hourly wage in the area for workers performing this job was over 10% more than the salary offered to claimant by the employer (*see,* Labor Law § 593 [2] [d]). As the Board's decision was both rational and supported by substantial evidence, we decline to disturb it (*see, Matter of Capitano [Bethlehem Steel Corp.—Ross],* 59 AD2d 987; *Rogacki v Corsi,* 272 App Div 989).

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.