*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 25, 2014                518279
_____

In the Matter of the Claim of
   KAREN A. GIBBONS,
               Respondent.

THE ANIMATION PROJECT,                    MEMORANDUM AND ORDER
               Appellant.

COMMISSIONER OF LABOR,
               Respondent.
_____


Calendar Date:  August 4, 2014

Before:  Peters, P.J., Lahtinen, McCarthy, Devine and Clark, JJ.

_____


     Seyfarth Shaw, LLP, New York City (Richard M. Resnik of
counsel), for appellant.

     Cynthia Feathers, Glens Falls, for Karen A. Gibbons,
respondent.


_____


     Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 1, 2013, which ruled that claimant was
entitled to receive unemployment insurance benefits.

     From September 2010 until December 2011, claimant worked as
an art therapist for an organization that provides therapeutic
and skills-based services to at-risk youth.  She worked
approximately 40 hours per week and was paid an annual salary of
$40,000 with benefits.  She was laid off and began collecting
unemployment insurance benefits.  Shortly after her lay off, the
employer sent claimant an email inquiring about her interest in
working on an upcoming project, the details of which had not been
finalized.  The employer indicated that the project would likely

entail working with three groups, for roughly six to eight hours per week.  It would pay $50 per hour without benefits, which was less than her customary $100 hourly rate, and would run for 12 weeks, ending on March 31, 2012.  Claimant responded that she was not interested in the project.  Thereafter, the Department of Labor issued an initial determination finding that claimant was not entitled to receive benefits because she refused an offer of suitable employment without good cause, and imposed a recoverable overpayment and forfeiture penalty.  Following a hearing, the Administrative Law Judge sustained the determination.  The Unemployment Insurance Appeal Board, however, reversed this decision and concluded that claimant was eligible to receive benefits.  This appeal by the employer ensued.

Initially, it is for the Board to decide whether a claimant has refused an offer of suitable employment for which he or she is reasonably fitted by training and experience (see Labor Law § 593 [2]), and its decision in this regard will be upheld if supported by substantial evidence (see Matter of McKeon [Community Health & Home Care, Inc.–Commissioner of Labor], 306 AD2d 792, 792 [2003]; Matter of Gibbs [Commissioner of Labor], 273 AD2d 672, 672 [2000]).  Here, evidence was presented that the details of the project were not finally established at the time the employer made its inquiry, and the time frame and required hours were also not definitive (compare Matter of Turner [Commissioner of Labor], 6 AD3d 915, 916 [2004]).  In view of this, substantial evidence supports the Board's finding that claimant was not given a bona fide offer of suitable employment which she refused.  Moreover, even if we were to conclude that she was given a bona fide offer of employment, the terms were substantially less favorable than the terms of her employment prior to her lay off and, consequently, she was not compelled to accept it (see Matter of Knoblauch [Mark Custom Recording –Sweeney], 239 AD2d 761, 763 [1997]).  Accordingly, we find no reason to disturb the Board's decision.

Peters, P.J., Lahtinen, McCarthy, Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court