In the Matter of the Claim of BERTHA JACKSON, Appellant; MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, October 30, 1968.

*Bertha Jackson,* appellant in person.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz, Samuel Stern* and *Irving Jorrisch* of counsel), for respondent.

*Per Curiam.* This is an appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, dated March 5, 1968, which sustained the initial determination of the respondent disqualifying the claimant from benefits, on the ground that she voluntarily left her employment without good cause.

The claimant's employer moved its plant from New York City to Kearney, New Jersey, and the claimant refused to transfer to the new place of employment. As to her claims regarding additional time spent in traveling to work and her fear of bodily safety upon the streets in the early morning hours, the record supports the finding that those reasons did not constitute good cause. (See *Matter of Fischl [Catherwood],* 28 A D 2d 1021; *Matter of Fanzo [Catherwood],* 29 A D 2d 598.)

The board, in its decision, adopted the findings of fact of the Referee. These findings contain an error in that the Referee found " the employer was going to provide free bus transportation from Manhattan ". Claimant's uncontradicted testimony was that the free transportation was limited to a nine-month period. The additional costs of transportation which this employee might have to undertake were not considered by the board and, since such fact is relevant to the question of good cause and was brought before the board on the face of the present record, the case must be reversed and remitted because of the erroneous finding on a material fact.

The present record presents other issues which were not argued before the board, but which are inherent in this case and which should be considered by the board upon remittal.

In regard to the offer of transportation for nine months, it appears that an acceptance of such offer might have the legal effect of removing the claimant from covered New York employment and, at the end of such period, would bar any claim for benefits in this State since more than eight months would have

464

passed. (See Labor Law, § 511, subds. 2, 3; § 524; *Matter of Story* [*Catherwood*], 28 A D 2d 1186; *Matter of Boyle* [*Catherwood*], 15 A D 2d 699, 700; cf. *Matter of Mallia* [*Corsi*], 299 N. Y. 232.) It would be somewhat of an anomaly to permit an employer to avoid unemployment insurance charges by merely providing transportation until such time as an employee is no longer entitled to New York benefits.

The claimant originally asserted to the Industrial Commissioner that she had left her employment because the employer was going to another State — New Jersey. She did not rely upon this general proposition throughout the proceedings and, accordingly, it was not specifically brought to the attention of the board. Upon this appeal she asserts that where the employer moves out of the State, that fact alone entitles the employee to quit for good cause. The respondent makes no reply to this assertion in his brief. This contention of the claimant raises an issue which has not yet been passed upon by this court. Inasmuch as the better procedure requires the question to be first considered by the administrative agency charged with the initial interpretation of the law, we do not pass on the merits of the issue at this time. Upon remand, if the board again denies benefits, this legal issue framed by the claimant should be determined.

The decision should be reversed and the claim remitted for further proceedings not inconsistent with this opinion.

GIBSON, P. J., HERLIHY, REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur.

Decision reversed, with costs, and claim remitted for further proceedings not inconsistent with the opinion herein.