In the Matter of the Claim of RICHARD GREEN, Respondent; REPUBLIC STEEL CORPORATION, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, May 9, 1974.

*Hodgson, Russ, Andrews, Woods & Goodyear* (*H. Kenneth Schroeder, Jr.*, of counsel), for appellant.

*Thomas P. McMahon* for Richard Green, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Irving Jorrisch, Samuel A. Hirshowitz, Murray Sylvester* and *Edward Moss* of counsel), for Industrial Commissioner, respondent.

MAIN, J. This is an appeal from a decision of the Unemployment Insurance Board, filed August 27, 1973, which affirmed the decision of a Referee, holding claimant eligible to receive benefits.

Claimant, Richard Green, was employed by appellant, Republic Steel Corporation, as a bricklayer when he was laid off on January 26, 1973 due to lack of work. Five days later appellant offered him employment as a laborer in the yard department which he refused, claiming that the work was unsuitable. Thereafter, he filed a claim for unemployment compensation, and the Industrial Commissioner determined that he was eligible for benefits. His former employer appeals this determination which was nonetheless sustained by the Referee who concluded that the proffered employment was unsuitable because it was not within the scope of claimant's training and experience. Adopting the Referee's findings of fact and opinion, the board affirmed his decision.

Appellant first contends on this appeal that claimant refused the offered employment as a laborer without good cause and, consequently, is ineligible for benefits. We cannot accept this argument, however, as it is clear that claimant has always worked as a bricklayer and never as a laborer. Even appellant concedes that a laborer's duties " entail substantially less skill and discretion than those of a bricklayer " and that, by accepting the job as a laborer, claimant would suffer a minimum reduction in pay of 15%. On such a record as this, we find that there is unquestionably substantial support for the board's determination that claimant had good cause to refuse the work

offered because it was not within the scope of his training and experience (cf. Labor Law, § 593, subd. 2). Furthermore, since the existence of good cause is a question of fact, the presence of such substantial support renders the board's determination final (*Matter of Almstead [Catherwood]*, 32 A D 2d 860).

This case is readily distinguishable from *Matter of Bus (Bethlehem Steel Corp. — Catherwood)* (37 A D 2d 98, 102, affd. 32 N Y 2d 955) where a substantial reduction in earnings was the issue and where Presiding Justice HERLIHY noted " the board has not determined whether or not the jobs offered are those for which the claimants were fitted by training and experience." Moreover, since the claimants in that case had in fact worked on the lower skilled jobs, they were demonstrably fitted for such work by training and experience. Here, the board has made a specific finding that claimant was not fit by training and experience for work as a laborer.

Appellant's reliance on provisions of the collective bargaining agreement which call for the loss of unemployment compensation when an employee refuses " to accept any work offered " is to no avail. These provisions are in direct conflict with subdivision 1 of section 595 of the Labor Law which makes an agreement by an employee to waive his rights to unemployment insurance benefits invalid and, therefore, they will not be enforced.

The decision should be affirmed, with costs to respondents filing briefs.

HERLIHY, P. J. (dissenting). As noted by the majority herein, the Referee found that the offered employment was unsuitable because it was not within the scope of claimant's training and experience and the board adopted and affirmed that decision. The Referee's decision contains only two facts which would have any bearing upon whether or not the employment was unsuitable and therefore rejectable and those facts are: (1) that acceptance of the work would result in a lower salary than that which claimant earned as a brick layer; (2) that the claimant had always worked as a brick layer and never performed " laboring " work for this company or any other. The collective bargaining agreement governing the employment relation herein appears to be substantially the same as that involved in *Matter of Bus (Bethlehem Steel Corp.-Catherwood)* (37 A D 2d 98, 101, 102, affd. 32 N Y 2d 955). In that case it was determined that, as a matter of law, the mere fact that the new job offer would result in a lower income by some 15% to the claimant than that which he might ordinarily receive in his usual skill

or position would not constitute justification for refusal of the job offer. It was reasonably certain in *Matter of Bus (Bethlehem Steel Corp.-Catherwood)* (*supra*) that the claimants therein were being offered jobs requiring much lesser skills than those which they had formerly held. Nevertheless, the salary which claimants such as in *Bus* and again in this case will receive for performance as laborers would substantially exceed unemployment insurance benefits and under such circumstances a general finding that the work is not that for which the claimants are fitted by training and experience must be supported by appropriate findings by the Unemployment Insurance Appeal Board based upon substantial evidence in the record. It is a fair statement that, except for physical or mental disability, any worker could perform the duties of a laborer. Upon the present record there is no substantial evidence which would support a finding that the work was not that for which the claimant was fitted by training and experience, and pursuant to *Matter of Bus (Bethlehem Steel Corp.-Catherwood)* (*supra*) the apparent facts of a downgrade in skills and a salary some 15% less than that otherwise obtainable for the highest skill of the claimant are not sufficient to support a finding that the job was refused with good cause.

The decision appealed from should be reversed and the matter remitted to the board.

GREENBLOTT and COOKE, JJ., concur with MAIN, J.; HERLIHY, P. J., and KANE, J., dissent and vote to reverse in an opinion by HERLIHY, P. J.

Decision affirmed, with costs to respondents filing briefs.