■ In the Matter of the Claim of BARBARA JASLOW, Respondent. NORTH ROCKLAND CENTRAL SCHOOL DISTRICT, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 30, 1983, which rescinded a prior decision filed April 27, 1982 and ruled that claimant was eligible to receive benefits effective September 7, 1981. ¶ Claimant worked for the North Rockland Central School District as a long-term regular substitute for several years up to June 30, 1981. Her salary for the 1980-1981 school year was $19,557. She was informed by the employer that she was excessed. She filed her original

---

unemployment claim effective September 7, 1981 and advised the employer that she did not wish to be considered for per diem substitute work. She was offered such work for the term from October 19 through December 23, 1981. She was to be paid $40 a day for the first 20 days and $50 a day thereafter. She refused the work because of the decrease in salary. ¶ The Unemployment Insurance Appeal Board held that claimant had good cause to refuse the offer of employment because of the disparity between the wage offered her as a per diem substitute teacher and that which she earned as a long-term substitute teacher. The decision incorporated a decision of the board in *Matter of Schmidt (Vestal Cent. School Dist. — Roberts)* (100 AD2d 655), wherein it was held that a close analysis of the roles of a regular teacher and of a per diem teacher leads to the conclusion that a regular teacher is not reasonably fitted by training and experience to be a per diem substitute teacher. The board found that the latter work does not call for the greater skills required of a regular teacher whose responsibility is to set the educational course for her students, to chart their intellectual and psychological development and to work out the lesson plans to effectively achieve educational goals. Under such circumstances, the regular teacher need not accept the lesser skilled and lesser paying job. It was held by the board in the instant case that a long-term substitute teacher is responsible for all of the full-time duties of regular teachers. ¶ The question of whether an employee legitimately refused employment is a mixed question of fact and law and the decision of the board, if rational, will be upheld (see *Matter of Fisher [Levine]*, 36 NY2d 146, 150). The policy espoused by the Labor Department in memorandum 4-80, which prompted a reconsideration of the board's decision in this matter, makes for a more even-handed treatment of claimants who find their present employment at an end and who are offered work entailing skills not commensurate with their training and at greatly reduced wages. ¶ There is substantial evidence to support the finding of the board in the instant matter. The decision is in conformity with prior legal precedent (see *Matter of Green [Republic Steel Corp. — Levine]*, 44 AD2d 345, affd 37 NY2d 554; but cf. *Matter of Mangi [Ross]*, 78 AD2d 571). ¶ Decision affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.