■ In the Matter of the Claim of ANNE O. BOSNACK, Respondent. THREE VILLAGE CENTRAL SCHOOL DISTRICT, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 8, 1983, which ruled that claimant was eligible to receive benefits effective January 4, 1982. ¶ Claimant, who has a Master's degree with 15 additional credits, worked for the employer as a full-time teacher from September, 1972 until she was excessed in June, 1978.

Thereafter, until June, 1981, she worked as a regular substitute teacher replacing teachers on leave. Her final salary as a regular teacher was $21,651. She was offered a position on January 29, 1982 as a building substitute teacher at the rate of $1,000 per month. As such, she would report to a certain school to replace any teacher who might be absent for the day or longer. If no teacher were absent, she would be assigned to other duties, including work in the library. Claimant refused this job offer because "the salary and benefits were clearly less than half of what I had been receiving in previous years". ¶ The Unemployment Insurance Appeal Board ruled that, despite some apparent distinctions: "the offered position still embodied most of the quality of a per diem substitute position. As a regular teacher, claimant had been required to make lesson plans and to chart the scholastic and psychological development of her students. No such demands are made upon a per diem substitute. The job is further distinguished in that a per diem substitute is required to enter the classroom, maintain order conducive to the learning experience, and, without advance preparation to follow the lesson plan established by the regular teacher, all with children with whom he or she has had and probably will have little other contact." The board then concluded that claimant was "not reasonably fitted by training and experience to be a per diem substitute teacher" and that she had good cause to refuse the position offered. ¶ The question presented in this case is a mixed question of fact and law and the decision of the board, if rational, must be upheld (see *Matter of Fisher [Levine]*, 36 NY2d 146, 150). The decision of the board in the instant case has a rational basis and is supported by substantial evidence. Our recent decisions in *Matter of Jaslow (North Rockland Cent. School Dist. — Roberts)* (100 AD2d 640) and *Matter of Schmidt (Vestal Cent. School Dist. — Roberts)* (100 AD2d 655) control the disposition of the case at bar. The decision of the board must therefore be affirmed. ¶ Decision affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.