◼ In the Matter of the Claim of GAIL OSTROVE, Appellant. COMMISSION OF JUVENILE JUSTICE, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 21, 1984, which ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause.

In December of 1980, claimant commenced employment as a provisional caseworker, i.e., a social worker, with the Commission of Juvenile Justice, an agency of the City of New York. The appointment was made permanent on June 4, 1983 and she was assigned to the Manhattan Family Court. Five days later, with notice to her employer, claimant moved from the city to her parents' home in the Village of Roslyn, Nassau County; she then had a reasonable time of not greater than one year within which to comply with the city's requirement that permanent employees reside within the city. Thereafter, on August 9, 1983, following reorganization resulting in staff reductions, the employer notified claimant, who had little seniority, of her transfer effective September 1, 1983, to the Spofford Detention Center located in the South Bronx. After being advised by the director of personnel that there was no alternative assignment available, claimant resigned effective August 31, 1983. Her reasons for doing so were that the South Bronx area where she was to work was allegedly unsafe and over one and one-half hours from her Roslyn residence. The Unemployment Insurance Appeal Board,

reversing an administrative law judge, determined that claimant was disqualified from receiving unemployment insurance benefits. Claimant, appearing *pro se,* appeals.

Inasmuch as claimant's travel hardship was brought about because she voluntarily chose to depart from the city, it does not constitute good cause for leaving her employment. Even if compelling circumstances necessitated her relocation to Roslyn, the board could properly conclude that the travel time involved, though somewhat in excess of one and one-half hours, did not justify claimant's resignation (*Matter of Kudysch [Hillcrest Gen. Hosp. — Ross],* 72 AD2d 901; *Matter of Ruggilo [Levine],* 51 AD2d 838).

Nor did claimant's unsubstantiated allegation that the new job site represented an unsafe place to work constitute good cause for voluntarily leaving her employment (*Matter of Jackson [Catherwood],* 30 AD2d 462; cf. *Matter of Aronson, [Montefiore Hosp. & Med. Center — Levine],* 36 NY2d 891, 892). Moreover, by undertaking to become a caseworker, claimant faced the possibility that she would be expected to attend to the needs of disadvantaged clients being serviced by the employer throughout the entire five boroughs of the city. As the board aptly observed, "a social worker * * * cannot be expected to work in prime locations".

Decision affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.