■ In the Matter of the Claim of PATRICIA A. GRAY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 14, 1986, which ruled that claimant was disqualified from receiving benefits, charged her with recoverable overpayment of benefits, and imposed a forfeiture of effective days as a penalty in reduction of future benefits.

Claimant worked as a part-time toll collector for the State Thruway Authority. She lived in the Town of St. Johnsville, Montgomery County, and had worked at various toll stations including Canajoharie, Fultonville and Amsterdam. She decided that Amsterdam was too far to drive for part-time work and thus refused requests that she work at that station.

Instead, she filed for and received unemployment insurance benefits. Subsequently, it was determined that she was disqualified from receiving benefits because she refused employment without good cause. She was found to have been overpaid $1,349 in recoverable sums. It was further held that she made willful misrepresentations and she was assessed a 24-day forfeiture of future effective days. Following a hearing, the Administrative Law Judge (ALJ) modified the forfeiture of future effective days to 16 and otherwise sustained the initial determination. The Unemployment Insurance Appeal Board affirmed the decision of the ALJ. This appeal ensued.

Whether a claimant has refused an offer of employment without good cause is a question for the Board which must be upheld if supported by substantial evidence *(see, Matter of Fisher [Levine],* 36 NY2d 146, 150; *Matter of Jaslow [North Rockland Cent. School Dist.—Roberts],* 100 AD2d 640, 641, *lv denied* 63 NY2d 609). Refusing a job which is within a reasonable commuting distance can constitute disqualifying misconduct *(see, Matter of Ostrove [Commission of Juvenile Justice—Roberts],* 107 AD2d 883; *Matter of Fischl [Catherwood],* 28 AD2d 1021). Here, the distance from claimant's residence to the Amsterdam station which she refused work at was approximately 32 miles. She was paid $5.10 an hour and it appears that she worked eight-hour shifts when she was called in. We cannot say, as a matter of law, that these circumstances constituted good cause for claimant to refuse employment. Hence, the Board's determination that claimant was disqualified from receiving benefits must be affirmed.

Claimant further contends that the Board erred in determining that benefits which were paid to her are recoverable. We cannot agree. Since the benefits were paid after September 3, 1983, it was not necessary, as contended by claimant, to establish willful misrepresentations in order for the overpayments to be deemed recoverable *(see,* Labor Law § 597 [4], as amended by L 1983, ch 415, §§ 9, 26 [2]; *Matter of Barber [Roberts],* 121 AD2d 767).

Next, we consider whether there is substantial evidence of willful false statements by claimant so as to sustain the effective days penalty. Claimant's admission that she marked "no" in response to a question inquiring whether she had been offered a job which she refused when, in fact, she had been offered and refused employment provides the necessary substantial evidence to uphold the Board's determination *(see, Matter of Juris [Catherwood],* 33 AD2d 852; *Matter of Lach*

*[Catherwood]*, 31 AD2d 663). Claimant's remaining contentions have been considered and found meritless.

Decision affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.