■ In the Matter of the Claim of MARY REGO, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Weiss, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 25, 1989 and January 4, 1990, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a sales agent from August 1966 until April 1989 when she accepted early retirement. The record shows that her employer disclosed its intention to move its offices to one of several possible locations. Claimant candidly testified that she was never told she could not continue working, but, anticipating that daily travel to the proposed new locations would be unacceptable, she opted to accept early retirement which included enhanced benefits. When the employer relocated to Newark, New Jersey, claimant unsuccessfully sought to be rehired. An initial determination of eligibility for benefits was overruled by the Administrative Law Judge, who, after a hearing on the employer's objections, decided that claimant was disqualified for voluntarily leaving her employment without good cause. The Unemployment Insurance Appeal Board affirmed and thereafter granted claimant's application for reopening and reconsideration, and adhered to its previous decision.

There must be an affirmance. Whether a claimant has voluntarily left employment without good cause is a question

of fact for Board resolution, which must be affirmed if supported by substantial evidence *(Matter of Baker [Hartnett],* 147 AD2d 790, 791, *lv denied* 74 NY2d 714). Claimant's own testimony, taken together with that of the other witness, clearly provides substantial evidence sufficient to support the Board's decision. Moreover, refusing employment or leaving a job within a reasonable commuting distance can constitute disqualifying misconduct *(Matter of Ostrove [Commission of Juvenile Justice—Roberts],* 107 AD2d 883). We find no reason to disturb the Board's decision in this case *(see, Matter of Wigutow [Roberts],* 138 AD2d 817).

Decisions affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.