■ In the Matter of the Claim of YOLANDA FRANCO, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [615 NYS2d 493] —Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 8, 1993, which ruled that claimant was ineligible to receive unemployment insurance benefits because she refused an offer of suitable employment without good cause.

Claimant worked for 10 years as a home attendant for Long Life Home Care in Brooklyn in the same assignment, which was located in the same housing project where claimant was living. Claimant was removed from this assignment after the employer received complaints from the patient's daughter, and claimant, who speaks only Spanish, was offered another

assignment. She refused the assignment because it was too far from her home and she wanted to be close to an ill cousin of hers. The total one-way time to the new assignment, including transfers and waiting, was 1½ hours. Claimant testified that she was never offered the new assignment and never refused it.

The Unemployment Insurance Appeal Board's conclusion as to the credibility of witnesses is conclusive if supported by substantial evidence *(Matter of Di Maria v Ross,* 52 NY2d 771). Thus, the Board can accept the employer's testimony and reject the claimant's testimony *(see, Matter of Ciallela [Our Lady of Victory Hosp.—Hartnett],* 172 AD2d 888). It has been held that a one-way travel time of 1½ hours does not constitute good cause to refuse a job for which one is qualified *(Matter of Ostrove [Commission of Juvenile Justice—Roberts],* 107 AD2d 883). Therefore, as found by the Board, claimant's excuse did not amount to good cause for refusal.

We find no merit in claimant's further contention that she did not become a claimant until after she refused the assignment. Claimant filed for benefits on the same day she refused the assignment, which provides substantial evidence to support the Board's decision.

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.