In the Matter of the Claim of ANTHONY J. PELLE, Appellant. COMMISSIONER OF LABOR, Respondent. [783 NYS2d 729]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 4, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he refused an offer of suitable employment without good cause.

Pursuant to the terms of a one-year employment contract executed May 1, 2002, claimant, the director of sales for a wireless communications services company, was to receive a salary of $75,000, as well as certain stock options and benefits. Approximately 2½ months later, in an apparent effort to reduce costs, the employer approached claimant about becoming a commissioned independent contractor instead of a salaried employee. Claimant interpreted this inquiry as a termination and thereafter failed to report to work. In August 2002, the employer offered to permit claimant to return to work as a salaried em-

ployee under the terms and conditions of the May 1, 2002 employment contract. In the interim, however, the employer had relocated its main office from Manhattan to Edison, New Jersey and, as such, claimant would have been required, at least initially, to commute to the new location. Claimant declined the offer of employment and filed a claim for unemployment insurance benefits. Ultimately, the Unemployment Insurance Appeal Board ruled that claimant had refused an offer of suitable employment without good cause. This appeal by claimant ensued.

We affirm. The case law makes clear that dissatisfaction with the length of one's commute does not constitute good cause for rejecting an otherwise suitable offer of employment (*see Matter of Franco [Hudacs]*, 207 AD2d 577, 578 [1994]; *see also Matter of Fronczak [Commissioner of Labor]*, 6 AD3d 898 [2004]; *Matter of Telego [Sweeney]*, 240 AD2d 799 [1997]), particularly where, as here, it is unclear from the record that the commute faced by claimant was permanent in nature. Accordingly, we find no reason to disturb the Board's decision.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.