■ In the Matter of the Claim of MARINA FELDMAN, Appellant. ATTENTIVE PERSONNEL, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [785 NYS2d 600]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 23, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she refused an offer of suitable employment without good cause.

Claimant lost her employment as a paralegal under nondisqualifying circumstances. When claimant's former employer subsequently offered her a job as a legal secretary, she refused, claiming that she was not suited for such work. Claimant initially was deemed eligible to receive unemployment insurance benefits and that determination was sustained by an

Administrative Law Judge. Following an appeal by the employer, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because she refused an offer of suitable employment without good cause. This appeal ensued.

It is well settled that a claimant may not "refuse[ ] to accept an offer of employment for which he [or she] is reasonably fitted by training and experience" (Labor Law § 593 [2]). Whether a claimant had good cause to refuse an offer of employment is a mixed question of fact and law and the Board's decision, if rational, will be upheld (*see Matter of Bosnack [Three Vil. Cent. School Dist.—Roberts]*, 103 AD2d 910, 911 [1984]; *Matter of Jaslow [North Rockland Cent. School Dist.—Roberts]*, 100 AD2d 640, 641 [1984], *lv denied* 63 NY2d 609 [1984]). Here, the record establishes that claimant had been employed as a paralegal since 1999 and her educational background from a foreign country was the equivalent of a law degree in this country. Although claimant previously was employed as a secretary when she first moved to this country, the position was not a legal secretary position and the job required very little typing, a skill at which claimant was not proficient. While both the paralegal position and the legal secretary position were characterized as legal support staff, the paralegal duties are more extensive and required different skills than that of a legal secretary. Inasmuch as the legal secretary position did not "bear a reasonable relationship to claimant's skills" as a paralegal (*Matter of Schmidt [Vestal Cent. School Dist.—Roberts]*, 100 AD2d 655, 655 [1984], *lv denied* 63 NY2d 609 [1984]; *see Matter of Jaslow [North Rockland Cent. School Dist.—Roberts], supra* at 641; *Matter of Green [Republic Steel Corp.—Levine]*, 44 AD2d 345, 346-347 [1974], *affd* 37 NY2d 554 [1975]), under the circumstances presented here, the Board's decision must be reversed.

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.