In the Matter of the Claim of SHELL B. CUNNINGHAM, Appellant. COMMISSIONER OF LABOR, Respondent. [797 NYS2d 194]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 25, 2004, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a customer service representative at the employer's office in the City of Geneva, Ontario County. When the employer decided to close its Geneva office, it informed her that her job would be relocated to its office in the City of Rochester, Monroe County, which claimant declined due to transportation problems. In her application for unemployment insurance benefits, she represented that she lost her job due to a lack of work attributable to the closing of the Geneva office. The Unemployment Insurance Appeal Board ultimately disqualified her from receiving benefits on the ground that she voluntarily left her employment without good cause and it also reduced her right to receive future benefits on the basis that she made a willful misrepresentation to obtain benefits. Claimant appeals.

We affirm. An employee's refusal to accept a job transfer upon terms and conditions comparable to a prior position because of an increased but reasonable commuting distance does not constitute good cause for leaving employment (*see Matter of Cooper [Commissioner of Labor]*, 306 AD2d 744 [2003]; *Matter of Neville [Commissioner of Labor]*, 264 AD2d 918 [1999]; *see also Matter of Pelle [Commissioner of Labor]*, 12 AD3d 750 [2004]; *Matter of Teller [Sweeney]*, 212 AD2d 925 [1995]). Here, claimant was offered the same position in Rochester as she held in Geneva and

the commute to that office was approximately one hour. Although claimant did not have the use of her own vehicle for a few months preceding the closure of the Geneva office, she regained possession of her vehicle just after the date she was scheduled to report to the Rochester office. She did not, however, ask the employer for additional time to resolve her transportation problem. Under these circumstances, the Board properly found that she left her employment for personal and noncompelling reasons. Furthermore, inasmuch as claimant inaccurately stated that she lost her job due to a lack of work when she was aware continuing work was available, we find no reason to disturb its finding that she made a willful misrepresentation to obtain benefits (*see Matter of Amato [Commissioner of Labor]*, 290 AD2d 801, 802 [2002]).

Mercure, J.P., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.