■ In the Matter of the Claim of MERCY YULE, Respondent. NEW YORK CHIROPRACTIC COLLEGE, Appellant. COMMISSIONER OF LABOR, Respondent. [861 NYS2d 152]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 12, 2007, which ruled, among other things, that claimant was entitled to receive unemployment insurance benefits.

In March 2005, claimant was hired as the employer's clinical coordinator—a "straight up" administrative position. After claimant was placed on probation in January 2006, the employer decided to eliminate claimant's position altogether and thereafter offered her a faculty position as a clinical supervisor. Claimant refused and, after her subsequent application for unemploy-

ment insurance benefits was denied, she requested a hearing. Ultimately, the Unemployment Insurance Appeal Board ruled that claimant's request for a hearing was timely and, further, that she had good cause to refuse the offered position. This appeal by the employer ensued.

We affirm. Preliminarily, substantial evidence supports the Board's finding that claimant's hearing request was timely. Claimant's testimony regarding the timing and method of her hearing request presented a credibility issue for the Board to resolve (*see Matter of Jarrett [Commissioner of Labor]*, 13 AD3d 965 [2004]) and, under the particular facts of this case, we find no reason to disturb the Board's finding that claimant presented a reasonable excuse for failing to comply with hearing request procedures.

Turning to the merits, "[w]hether a claimant had good cause to refuse an offer of employment is a mixed question of fact and law and the Board's decision, if rational, will be upheld" (*Matter of Feldman [Attentive Personnel, Inc.—Commissioner of Labor]*, 13 AD3d 713, 714 [2004]). Here, although the clinical supervisor position offered by the employer was comparable in salary and benefits to claimant's prior position, a review of the testimony and the respective job descriptions reflects that the new position entailed different responsibilities and duties— most notably in the area of direct patient care—and would have subjected claimant to the grievance and arbitration process governing faculty members. Under such circumstances, substantial evidence supports the Board's decision finding that claimant had good cause for refusing the offered position.

Peters, J.P., Spain, Carpinello, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.