■ In the Matter of SHARON E. KNIGHT, Respondent. EPIC SECURITY CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. [927 NYS2d 809]—

Claimant worked as a security guard for the employer for approximately three months when her employment was terminated in June 2008 because her application for a security guard license had been denied. Thereafter, claimant found employment with another employer and, when that employment ended under nondisqualifying circumstances, claimant applied for unemployment insurance benefits in May 2009. When the employer was notified of claimant's application, it sent her a letter in July 2009 purporting to offer her employment as a security guard. As claimant had still not received her license, she was unable to accept the offer. Subsequently, the Department of Labor issued a determination finding claimant eligible to receive unemployment insurance benefits. The employer controverted eligibility, contending that claimant had refused an offer of suitable employment without good cause. Ultimately, the Unemployment Insurance Appeal Board found claimant eligible to receive benefits and the employer now appeals.

We affirm. A claimant may not refuse employment for which he or she is reasonably qualified (see Labor Law § 593 [2]; Matter of Southern-Penn [Commissioner of Labor], 83 AD3d 1318, 1319 [2011]). Whether a claimant has good cause to refuse employment is a mixed question of fact and law, the determination of which is within the province of the Board and will be upheld if rational (see Matter of Yule [New York Chiropractic Coll.—Commissioner of Labor], 52 AD3d 1062, 1063 [2008]; Matter of Feldman [Attentive Personnel, Inc.—Commissioner of Labor], 13 AD3d 713, 714 [2004]). Here, it is undisputed that claimant was not qualified for the position of security guard, as her application for a license had been twice denied. In fact, the employer admitted during the hearing that once it became apparent that claimant's license application had been denied, it was without legal authority to offer her employment as a security guard. As such, we find the Board's decision had a rational basis.

Mercure, J.P., Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.