(December 15, 1977)

■ In the Matter of the Claim of WANDA PECORELLO, Respondent. GENERAL ELECTRIC COMPANY, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 16, 1976, which determined that claimant was entitled to unemployment insurance benefits. Claimant was employed

by the General Electric Company for approximately 22 years. As a result of a reduction in the work force, she lost her position as an inspector which had been paying $200.60 for a 40-hour week. However, because of her seniority, claimant was offered other employment as an inspector in a lower job classification at the rate of $175.60 for a 41-hour week, a job which she had held some years before. Under the terms of the collective bargaining agreement governing the terms of her employment, claimant had the choice of accepting a total layoff if the job offered under such conditions was not within two pay steps of her current position and in this case the new work was four pay steps lower. She declined the offer, opted for total layoff, and applied for unemployment insurance benefits. A referee has determined that her refusal to accept the proffered work was with good cause and allowed benefits. The board has affirmed and found further that the offered employment was not suitable as claimant had not done that type of work for approximately eight years. There must be a reversal. There is nothing in this record which demonstrates that claimant's voluntary separation from employment and her refusal to accept the proffered employment was justified under one of the exceptions set forth in subdivision 2 of section 593 of the Labor Law. Moreover, having previously worked in that capacity, it affirmatively appears that she was reasonably fitted by training and experience for the available position and her refusal to accept it was without good cause as a matter of law *(Matter of Bus [Bethlehem Steel Corp.—Catherwood],* 37 AD2d 98, affd 32 NY2d 955). We also note that it has not been established or argued that the wages offered to claimant were substantially less favorable than those prevailing for similar work in the lower job classification and, accordingly, this case is clearly distinguishable from our recent decision in *Matter of Capitano [Bethlehem Steel Corp.—Ross],* 59 AD2d 987). Decision reversed, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, with costs to appellant against the Industrial Commissioner. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.