■ In the Matter of the Claim of JUDITH DAVIES, Respondent. NEW YORK TELEPHONE COMPANY, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 22, 1980, which ruled that claimant was entitled to receive benefits. Claimant worked 22 years for the telephone company, the last 15 of which were as a management assistant. Due to a reorganization of the company's operations, claimant's position was to be eliminated and claimant was offered a full-time position as a telephone operator. Claimant had worked as a telephone operator before becoming a management assistant and filled in at that position during emergency situations since her promotion. Despite the fact that her seniority would have followed her into her new position, which would have paid a weekly salary of $278 compared to the $343 a week she was earning, claimant refused the offer and filed for unemployment insurance benefits after the reorganization took place. Although initially ruled to be eligibile for benefits by the Industrial Commissioner, the hearing officer found claimant disqualified from receiving benefits because she voluntarily left her

employment without good cause. Following the board's decision to reverse the hearing officer and sustain the Industrial Commissioner's initial determination of eligibility, this appeal by the phone company ensued. There must be a reversal. When faced with a strikingly similar fact pattern in *Matter of Pecorello (General Elec. Co. — Ross)* (60 AD2d 688), this court reversed the board and held that an employee whose position was being eliminated and who refused an offer to return to a position previously held at a lower salary was unjustified in doing so. Such a refusal to accept a position for which claimant was reasonably fitted by training and experience was found to be without good cause as a matter of law (*id.*, at p 689). There is no evidence in the instant record to indicate that claimant was no longer fitted by training and experience to perform the duties of her old job or that the salary offered was substantially less favorable than that prevailing for similar work in the locality (see Labor Law, § 593, subd 2). Accordingly, the board's decision must be reversed and the matter remitted for further proceedings. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.