■ In the Matter of the Claim of PATRICIA STOREY, Respondent. NEW YORK TELEPHONE COMPANY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 1982, which denied the employer's application to reopen and reconsider a prior decision of the board which awarded benefits to claimant. By decision of an administrative law judge, filed July 14, 1981, claimant was found eligible for unemployment insurance benefits. Said decision included a finding of fact that claimant's refusal of alternate employment with the employer was justified in that the position offered was not one for which she was suited by training and experience. This decision was affirmed by the board by decision filed October 26, 1981. No appeal was taken from that determination. By letter dated February 2, 1982, the employer applied to the board to reopen and reconsider its decision (Labor Law, § 534) based upon this court's opinion in *Matter of Davies* (*New York Tel. Co. — Ross*) (86 AD2d 732, app withdrawn 56 NY2d 648). By decision filed March 19, 1982, the board denied the application to reopen and reconsider. This appeal by the employer ensued. In *Matter of De Siato* (*Ross*) (74 AD2d 988), we stated that "[t]he denial of an application for reopening and reconsideration will only bring up for review the merits of the original determination when the application is made within the 30-day period during which that original determination could be appealed * * *. The question of whether to reopen a decision is a matter addressed to the discretion of the board [citation omitted]". Here, it is clear that no appeal was taken from the board's October 26, 1981 determination and the application to reopen and reconsider was not made within the 30-day appeal period. Therefore, since we find no basis for the conclusion that the board abused its discretion, its determination must be upheld. Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.