■ In the Matter of the Claim of VICTOR A. BAHR, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [651 NYS2d 236] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 27, 1995, which, *inter alia*, ruled that. claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as an assistant engineer on a merchant vessel operating on the Great Lakes. The annual sailing season usually ended on December 20th, after which the lakes were likely to freeze and become unnavigable. In early November 1994, however, claimant was notified by the employer that his ship would remain in operation for an indefinite period beyond the regular season. Claimant nonetheless refused the offer of employment beyond December 20, 1994, opting to take a 30-day paid vacation from November 25, 1994 to December 24, 1994 after which he planned to receive unemployment insurance benefits until the new sailing season began March 28, 1995. Claimant applied for benefits from December 19, 1994 onward and received payments totaling $1,200. The Board ultimately determined, however, that claimant was disqualified from receiving benefits from December 19, 1994 to December 24, 1994 because he was on a paid vacation during that time period and that he was disqualified from

receiving benefits from December 25, 1994 onward because he had voluntarily left his employment without good cause as of that date, there being work available to him on his vessel until it shut down for the winter on January 19, 1995. Claimant was assessed an overpayment for the benefits he had received.

We find that substantial evidence supports the Board's determination that claimant refused employment without good cause. Although the contract between claimant's union and the employer stipulated that employees could decline employment during the extended season without penalty, this provision is not dispositive of the issue of whether claimant is disqualified from receiving unemployment insurance benefits (*see, Matter of Pecorello [General Elec. Co.—Ross]*, 60 AD2d 688, 689). While claimant's refusal to work did not cost him his job under the terms of the union contract, it did render him disqualified from receiving benefits under the Labor Law (*see,* Labor Law § 593). Public policy dictates that when the terms of a contract contradict a State statute, the statutory provisions will prevail (*see, Matter of Green [Republic Steel Corp.—Levine]*, 37 NY2d 554, 558). We conclude that substantial evidence in the record supports the Board's decision that claimant left his employment without good cause and that he was properly assessed a recoverable overpayment (*see, Matter of Desmarais [Sweeney]*, 234 AD2d 839 [decided herewith]; *see also, Matter of Caillier [Hudacs]*, 194 AD2d 1025; *Matter of Gray [Roberts]*, 130 AD2d 904, 905).

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.