■ In the Matter of the Claim of THOMAS J. McMANAMON, Appellant. COMMISSIONER OF LABOR, Respondent. [699 NYS2d 191] —Mercure, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 5, 1998, which denied claimant's applications for reconsideration of prior decisions ruling, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

An initial determination of the Commissioner of Labor (1) denied claimant's application for unemployment insurance benefits upon the ground that he voluntarily resigned his position with Five Star Parking without good cause on March 19, 1992, and (2) charged claimant with a recoverable overpayment of $9,765. By decision dated June 30, 1992, an Administrative Law Judge (hereinafter ALJ) overruled that determination. Upon further appeal by the Commissioner of Labor, however, the Unemployment Insurance Appeal Board rendered a decision filed August 3, 1993 sustaining the initial determination and reversing the ALJ's determination.

Alleging that he had not received notice of (1) the appeal to the Board, (2) a hearing conducted before the Board on July 6,

1993* for the purpose of taking further evidence on the issue of claimant's separation from employment and on the additional issue of claimant's misconduct in connection with his employment, regarding his absences on January 1, 1992 and March 18, 1992, or (3) the Board's August 3, 1993 decision, claimant thereafter applied to have the case reopened. Claimant appeared at ALJ hearings on March 30, 1994 and April 18, 1994 and attempted but was not permitted to give testimony refuting the evidence produced by the employer at the July 6, 1993 hearing because of the ALJ's belief that the hearings were limited in scope to the issues of the reopening of the case and the recoverable overpayment of $9,765. On April 20, 1994, the Board issued a notice indicating that "[t]he case is being reopened to reconsider all issues". An ALJ decision dated April 26, 1994 sustained the initial determination charging claimant with a recoverable overpayment. Claimant appealed that decision.

As of July 1995, no action had been taken on the reopened case or claimant's appeal from the April 26, 1994 ALJ decision. At that time, claimant corresponded with the Board, advising it that he was relocating to Florida effective July 28, 1995, setting forth his new address and telephone number, and requesting that a hearing be conducted before he moved. The Board thereafter issued notices dated October 17, 1996 and November 13, 1996, purporting to schedule hearings for November 15, 1996 and December 5, 1996, in each case to receive additional testimony and evidence on the case as to claimant's separation from employment and the additional issue of misconduct in connection with his employment, regarding his absences on January 1, 1992 and March 18, 1992. Inexplicably, the notice was mailed to claimant at his former Staten Island address. Then, on December 3, 1996, the Board gave the employer (but not claimant) notice that the hearing scheduled for December 5, 1996 had been adjourned without date. Despite the fact that no hearing ever took place, on February 11, 1997 the Board issued separate decisions (1) granting claimant's application for reopening and reconsideration of the August 3, 1993 decision but, upon such reopening and reconsideration, adhering to the prior decision, and (2) sustaining the Commissioner's initial determination charging a recoverable overpayment of $9,765 and affirming the April 26, 1994 ALJ decision insofar as appealed from. Those decisions were mailed to claimant at the Florida address that he set forth in his July 1995 letter to the Board.

---

* The record on appeal indicates that the transcript of the July 6, 1993 hearing is "missing".

It does not appear that claimant took any further action until June 3, 1998, when he wrote to the Board concerning the matter and requested a hearing to clear up the errors underlying a judgment that had apparently been entered for the recoverable overpayment of benefits. By separate decisions filed July 17, 1998, the Board denied claimant's application for reopening and reconsideration of the February 11, 1997 decisions. Then, by letter postmarked August 27, 1998 and received by the Board on September 1, 1998 (erroneously dated August 15, 1997), claimant's attorney sought a "new hearing" to permit claimant to "argue his case on the merits". The Board treated that letter as an application for reopening and reconsideration of the July 17, 1998 decisions and denied the application by separate decisions filed October 5, 1998. Claimant now appeals the October 5, 1998 decisions.

Based upon our review of the record, which demonstrates the tortured history of this matter, we conclude that claimant is very much aggrieved, but not by the decisions that are currently being appealed. Patently, it was the Board's decisions filed February 11, 1997 that finally determined claimant's application for reopening and reconsideration of the August 3, 1993 decision. Although it appears that those decisions were clearly erroneous, they were properly served and claimant never appealed from them (*see,* Labor Law § 624). Further, he made no application to reopen and reconsider those decisions (*see,* Labor Law § 534) until June 1998, more than 15 months later. Under the circumstances, claimant is now precluded from challenging the February 11, 1997 decisions (*see, Matter of De Siato [Ross],* 74 AD2d 988). Similarly, because claimant's applications to reopen and reconsider the February 11, 1997 decisions and the August 28, 1997 decisions were not made within the 30-day appeal period, the Board did not abuse its discretion in denying the applications (*see, Matter of Storey [New York Tel. Co.—Roberts],* 93 AD2d 968).

Mikoll, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decisions are affirmed, without costs.