■ In the Matter of RANDALL W. LAMBRECHT, Appellant. COMMISSIONER OF LABOR, Respondent. [957 NYS2d 924]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 13, 2011, which denied claimant's application for reopening and reconsideration of a prior decision.

By decision dated April 15, 2011, the Unemployment Insurance Appeal Board ruled that claimant's weekly benefit rate was zero under Labor Law § 600, which provides for a reduction in unemployment insurance benefits based upon the amount of contributions he made to his federal pension. On May 25, 2011,

the Board received claimant's request for review of this decision, which the Board treated as an application for reopening and reconsideration. The Board denied claimant's application and claimant now appeals.

We affirm. " 'The denial of an application for reopening and reconsideration will only bring up for review the merits of the original determination when the application is made within the 30-day period during which that original determination could be appealed' " (*Matter of Wood [Commissioner of Labor]*, 24 AD3d 854, 855 [2005], quoting *Matter of De Siato [Ross]*, 74 AD2d 988, 988-989 [1980]; *see Matter of McManamon [Commissioner of Labor]*, 267 AD2d 558, 560 [1999], *lv dismissed* 94 NY2d 943 [2000]). Given that claimant's application was not made within the 30-day time period, the merits of the Board's April 15, 2011 decision are not properly before us, and we need only consider the propriety of the Board's denial of claimant's application to reopen. "[A]pplications to reopen a prior decision are within the discretion of the Board and its ruling on such applications will not be disturbed absent a showing that the Board abused its discretion" (*Matter of Washington [Kaleida Health—Commissioner of Labor]*, 65 AD3d 1428, 1429 [2009]; *see Matter of Chanthyasack [Commissioner of Labor]*, 37 AD3d 963, 964 [2007]). Here, claimant has not advanced any arguments regarding the denial of his application to reopen, and we find nothing in the record to indicate that the Board abused its discretion in denying the same. Therefore, we find no reason to disturb its decision.

Mercure, J.P., Rose, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.