In the Matter of the Claim of NORMA CROWE, Respondent. DATES LAUNDRY SERVICE, INC., Appellant; EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, June 13, 1952.

*George R. Fearon* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Francis R. Curran* of counsel), for Industrial Commissioner, respondent.

*Per Curiam.* The claimant is a laundry worker. In January, 1951, she voluntarily left her job with the Dates Laundry Service where she had been employed since 1946. She filed a claim for unemployment insurance benefits effective January 29, 1951, but the claim was disallowed on the ground she had voluntarily left her employment without good cause. She was ruled disqualified from benefits for a period of forty-two days from the time she had voluntarily left the employment.

On March 21st, the period of disqualification having ended, she filed a new claim for benefits. The Division of Placement and Unemployment Insurance referred the claimant back to her former employer, the Dates Laundry Service. Claimant interviewed the employer and refused to accept the new employment which was tendered.

The new employment was substantially the same as the previous work. The wage rate could have been found to have been slightly lower and full seniority rights were not to be allowed, which differences the employer claimed to have been due to the obligations of the contract it had with the labor union.

On the question of claimant's further disqualification for benefits after thus refusing the further offer of employment, the initial determination of the Industrial Commissioner was that the claimant was not disqualified by this refusal of employment because she had already and previously been disqualified by leaving the employ of the same employer without good cause and had undergone the penalty of the statutory period of disqualification.

The employer objected to this ruling and requested a hearing. The referee sustained the determination and the Appeal Board adopted his findings. From that determination employer appeals.

No question is raised here that the employment offered was not one for which claimant was reasonably qualified by training and experience. The question is narrowed down by both parties to the problem of law whether a claimant who has once been disqualified for benefits because he leaves employment without " good cause " and who refuses a new offer of employment by the same employer for which he is reasonably fitted by training and experience undergoes a further disqualification.

The answer to this question is, we think, to be sought by reading the words of the statute. The Unemployment Insurance Law (Labor Law, art. 18) (§ 593) provides that if a voluntary separation from employment is not for good cause benefits shall not be payable for forty-two days. This, and some other subjects are treated in subdivision 1 of the section under the classification of " Voluntary separation ".

Under quite a distinct statutory treatment the subject of " Refusal of employment " is dealt with in subdivision 2 of the same section. Benefits are not to be payable to a claimant " who without good cause refuses to accept an offer of employment for which he is reasonably fitted by training and experience ".

There is nothing in all this to suggest a legislative intention to provide that where a claimant has been disqualified by a voluntary separation from employment he cannot be further disqualified by refusing without just cause to take the same employment offered by the same employer.

The arrangement to offer the employment here was made through the Division of Placement and Unemployment Insurance to the claimant. The procedure under official regulation and control followed the general statutory scheme. In every respect the employment was one for which the claimant was reasonably qualified. It literally came within the conditions described in the statute dealing with " Refusal of employment ".

It is not found as a fact that claimant was not qualified within the statute for the employment offered, or that it was not the kind of employment to which the statute refers. Nor is it found that the differential between the status of the employment claimant left and that offered was itself a basis of refusal for good cause.

The controlling, and to us it seems the only, ground for the determination of the referee and Appeal Board was that the separation from the employment in the first place and the refusal to accept the new offer were so related as to be part of the same act. The penalty for the separation was deemed to cover the refusal. The referee's language describes the theory of decision. " To all intents and purposes ", he said " her leaving and her refusal to return appear to be a part and parcel of the same act." Both were " a single offense ".

The statute, however, carefully separates voluntary separation from refusal of employment. If they are separate events, as they certainly are in this record, they may not be given unitary treatment. The Division of Placement and Unemployment Insurance itself set in motion the " offer of employment " which was distinct in time and circumstance from the original separation.

This offer of employment, even though from the former employer, fulfilled the statutory definition of an offer of employment and the effect of the separately provided penalty for " Refusal of employment " cannot be avoided by the fact that the State agency selected the same employer to make an offer of renewed instead of entirely new employment.

We do not hold that an employee who separates himself from employment without just cause would never have just cause for not taking an offer of re-employment in the same place. The statute sets forth a list of reasons for " Refusal to accept employment " which are not to be regarded as a refusal not for good cause. But the list is not exclusive by its very terms but merely fixes certain negative criteria. The appellant argues for the exclusiveness of the enumeration but the statute does not read that way.

There may be other reasons for refusal recognizable as well-grounded and for good cause by the commissioner or the board. But that is not the theory of this decision. The theory is, rather, that there is double penalty for the same act. The acts are, however, not only separable in the statutory scheme, but section 593 specifically separates them and their consequences.

The decision of the Unemployment Insurance Appeal Board should be reversed, with costs to the appellant against the Industrial Commissioner and the proceeding remitted to the Industrial Commissioner to proceed in accordance with this decision.

FOSTER, P. J., HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Decision of the Unemployment Insurance Appeal Board reversed, on the law, with costs to the appellant against the Industrial Commissioner and the proceeding remitted to the Industrial Commissioner to proceed in accordance with this decision.