■ In the Matter of the Claim of LESLEY J. BAEHR, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 20, 1990, which ruled that claimant was ineligible to receive unemployment insurance benefits because she refused employment without good cause.

On October 3, 1989 claimant was referred to a job interview located in the Village of Port Chester, Westchester County, as a receptionist paying $7 per hour. When claimant reached Port Chester she began walking in the direction of the employer's establishment. Claimant, however, either could not locate or did not reach her destination and, after a period of time, returned to the bus depot because the time of her interview had passed. She later learned there was a scheduled bus route to her work destination. Claimant made no inquiry on the day of her appointment with respect to the existence of public transportation to the prospective employer's premises, which was available, nor did she reschedule the interview.

On the basis of the foregoing, claimant was found ineligible for unemployment insurance benefits because she refused employment without good cause. An Administrative Law Judge sustained the determination and the Unemployment Insurance Appeal Board affirmed, concluding that claimant's failure to appear for the job interview constituted a refusal of employment without good cause. This appeal followed.

Whether a claimant has a compelling reason for failing to report for the job interview is a question of fact for the Board, whose determination, if supported by substantial evidence, is final *(see, Matter of Green [Republic Steel Corp.—Levine],* 37 NY2d 554, 559; *Matter of Drejza [Levine],* 42 AD2d 659). In the

case at bar, although claimant made some effort to report for the interview, she failed to make any inquiries as to the location of the prospective employer and of vehicular means to reach her destination. It is clear that if claimant had exercised reasonable diligence, she could have obtained directions that would have permitted timely arrival for her job interview. Thus, we are constrained to affirm the Board's finding that claimant failed to keep an appointment for a job interview to which she was referred by the employment service office for personal and noncompelling reasons which constitute a refusal of an offer for suitable employment.

Casey, Mikoll, Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.