■ In the Matter of the Claim of Dustin C. Waite, Appellant. Commissioner of Labor, Respondent. [715 NYS2d 452] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 6, 1999, as amended by decision filed April 10, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he refused an offer of suitable employment without good cause.

After previously performing landscaping and snow removal for the employer, claimant filed an original claim for unemployment insurance benefits. During the period that claimant was certifying for benefits, the employer contacted him and requested that he report early the next day to perform snow removal services. Claimant agreed but did not report for work as promised and efforts to contact him were unsuccessful. Claimant testified that he did not report for work because he overslept. The Unemployment Insurance Appeal Board ultimately found that claimant, who was well aware that he needed to perform snow plowing services very early in the morning, was disqualified from receiving benefits because he

refused a bona fide offer of suitable employment without good cause.

We affirm. "Whether a claimant has refused an offer of employment without good cause is a question for the Board which must be upheld if supported by substantial evidence" (*Matter of Gray [Roberts]*, 130 AD2d 904, 905). Given the proof in the record and the permissible inferences that can be drawn therefrom, we conclude that substantial evidence supports the decision of the Board in this instance (*see*, *Matter of Nappi [Commissioner of Labor]*, 260 AD2d 714).* Claimant's remaining arguments have been examined and found to be unpersuasive.

Cardona, P. J., Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Although the Board's August 6, 1999 decision charged claimant with a recoverable overpayment of benefits, the Board thereafter reopened the matter in a decision filed April 10, 2000 and rescinded the recoverable overpayment finding.