■ In the Matter of the Claim of MARY S. McKEON, Respondent. COMMUNITY HEALTH AND HOME CARE, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [761 NYS2d 394] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 19, 2002, which, inter alia, ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant started working for the employer as a personal care aide on June 2, 2000. In November 2001, after a client for whom she was caring moved away, claimant's hours were reduced. As a result, she was deemed eligible to receive unemployment insurance benefits. Thereafter, the employer periodically contacted claimant about available work. In March 2002, however, the employer terminated claimant because she was not home to receive a telephone call that the employer advised her it would make on March 14, 2002 at 9:30 A.M. regarding a potential job placement. The employer objected to claimant's continued receipt of benefits arguing, among other things, that she should be disqualified because she refused an offer of suitable employment without good cause. Following a hearing, an Administrative Law Judge sustained the employer's objection and disqualified claimant from receiving benefits. The Unemployment Insurance Appeal Board reversed, finding, among other things, that claimant did not refuse an offer of suitable employment without good cause. The employer appeals.

Initially, we note that a claimant may not "refuse[ ] to accept an offer of employment for which he [or she] is reasonably fitted by training and experience" (Labor Law § 593 [2]; see Matter of Di Stefano [Commissioner of Labor], 304 AD2d 950, 950 [2003]). Whether a claimant has done so is a question for the Board whose decision will be upheld if supported by substantial evidence (see Matter of Waite [Commissioner of Labor], 276 AD2d 948, 949 [2000]).

Here, claimant and the employer's representative gave conflicting testimony concerning the circumstances surrounding the employer's telephone call on March 14, 2002. The employer's representative stated that she spoke with claimant on March 12, 2002 at which time she advised claimant of a job assignment that might become available. She testified that she told claimant she would call her on March 14, 2002 at 9:30 A.M. to discuss the details. According to the representative, the employer's director of client services attempted unsuccessfully to contact claimant at the stated time as well as the following day, and later discovered that claimant's telephone was off the

hook. Claimant maintained that while she knew the employer was supposed to call her on March 14, 2002 at around 9:30 A.M., she did not know that it concerned a potential job offer. Moreover, she stated that she had to leave her home that day to take her cat to the veterinarian. She added that her cats often knock her telephone receiver off the hook. Claimant testified that she called the employer the following Monday and learned that she had been terminated. The Board was free to assess the credibility of the witnesses and to credit claimant's testimony over that of the employer's representative (*see Matter of Di Stefano [Commissioner of Labor], supra* at 950). Although a claimant who, by his or her evasive conduct, manages to avoid an offer of suitable employment will be deemed disqualified from receiving benefits (*see e.g. Matter of Baehr [Hartnett]*, 177 AD2d 904 [1991]), the Board's finding that this was not the situation here is supported by substantial evidence. Accordingly, we find no departure from agency precedent and no reason to disturb the Board's decision.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.