■ In the Matter of the Claim of LINDA L. WILSON, Respondent. COMMUNITY HEALTH & HOME CARE, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d 489] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 7, 2002, which ruled that claimant was entitled to receive unemployment insurance benefits.

Between April 2000 and December 2001, claimant, a home health aide, worked on various nursing assignments for the employer. The employer notified claimant of such assignments by calling her cell phone. During the first two weeks of January 2002, the employer called claimant's cell phone with further employment opportunities, but was unable to reach her. Apparently, claimant's phone was malfunctioning and incapable of receiving voice mail messages. As a result, the employer sent claimant a letter on January 10, 2002, indicating the difficulties it had encountered. Thereafter, the employer objected to the payment of unemployment benefits on the ground that claimant refused an offer of suitable employment without good cause.

Ultimately, the Unemployment Insurance Appeal Board

rejected the employer's assertion and ruled that claimant was eligible to receive benefits. Specifically, the Board determined that claimant had not refused suitable employment during the week ending January 6, 2002 and that for the period subsequent to that week, claimant was not disqualified from receiving benefits since she had been accepted into the Department of Labor's Self-Employment Assistance Program (hereinafter SEAP), effective January 7, 2002. The employer now appeals, asserting that the Board's decision is unsupported by substantial evidence and the Board improperly diverted from established precedent.

We affirm. Claimant's testimony that she did not deliberately disable her cell phone, did not know about the cell phone's malfunction and that she was completely unaware of both the available nursing assignments and the employer's attempts to reach her provides substantial evidence to support the Board's conclusion that, for the week ending January 6, 2002, claimant did not refuse suitable employment (*see Matter of Waite [Commissioner of Labor]*, 276 AD2d 948, 949 [2000]). Moreover, claimant's testimony that she was accepted in SEAP on January 7, 2002, as corroborated by letters from the Department of Labor and the SEAP staff, constitutes substantial evidence to support the Board's determination that, during the subsequent weeks in January 2002, claimant was enrolled in SEAP and, thus, not disqualified from receiving benefits (*see* Labor Law §§ 591-a, 599). Although, as the employer contends, the record contains proof that would support a contrary conclusion, the Board was empowered to resolve such credibility issues in claimant's favor (*see Matter of De Paiva [Olympic Limousine—Commissioner of Labor]*, 270 AD2d 534, 535 [2000]).

Finally, we are unpersuaded that the Board diverted from established precedent. With the Board having concluded that claimant was unaware of the available nursing assignments and that she did not refuse suitable employment, the cases cited by the employer do not constitute precedent (*see e.g. Matter of Carapella [Commissioner of Labor]*, 255 AD2d 676 [1998]; *Matter of Zimmerman [Commissioner of Labor]*, 252 AD2d 648 [1998], *appeal dismissed* 92 NY2d 1025 [1998]).

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.