Peters, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 31, 2002,. which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he refused an offer of suitable employment without good cause.
Claimant was registered with a personnel agency that specialized in finding both temporary and permanent employment. During the time when he was receiving unemployment insurance benefits, the agency scheduled him for an interview with a newspaper for a “temporary to permanent” position in their accounts receivable department., On the morning of the interview, claimant received an e-mail invitation, to interview with a different company for a permanent job that he would have preferred. He made an appointment for an interview with the second company and did not appear for the interview scheduled by the agency. Claimant subsequently certified to the local unemployment insurance office that he had not refused an offer of suitable employment during the reporting period.
The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits on the ground that he had refused an offer of suitable employment without good cause (see Labor Law § 593 [2]). In addition, he was charged with an overpayment in benefits and a forfeiture of eight effective days based on the finding that he made willful false statements to obtain benefits (see Labor Law § 594).
Claimant appeals, asserting that he may not be disqualified from receiving benefits for refusing an offer of suitable employment when no offer of employment was actually tendered. We disagree. It is uncontested that claimant never received a job offer; however, failure to keep an appointment for a job interview may constitute a refusal of an offer of suitable employment (see Matter of Baehr [Hartnett], 177 AD2d 904 [1991]). Here, the testimony discloses that claimant could have attended both interviews. Instead, he intentionally chose not to attend the interview with the first company based upon his hope that he would receive an offer of employment from the second company. From this, it was found that claimant’s failure to keep the appointment with the first company was due to personal and *751 noncompelling reasons. As this was tantamount to a refusal of an offer of suitable employment, there exists substantial evidence supporting the determination to disqualify him from the receipt of benefits (see id. at 905).
Whether claimant knowingly made false statements to obtain benefits is a question of fact for the Board to determine. As the Board determined that claimant’s failure to interview with the first company constituted a refusal of an offer of suitable employment, we find substantial evidence to support the further determination that he could be charged with a recoverable overpayment (see Matter of Herrera [Sweeney], 239 AD2d 778 [1997]).
Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.