■ In the Matter of the Claim of JOHN A. FEMINELLA, Respondent. FRED A. COOK JR., INC., Appellant; COMMISSIONER OF LABOR, Respondent. [817 NYS2d 740]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 17, 2005, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a dispatcher for the employer for many years. He was getting married and was scheduled to take vacation from July 30, 2004 through August 10, 2004. On July 31, 2004, claimant became involved in a heated argument with his supervisor concerning the pumping of a septic tank at the premises where his wedding was to be held. The job had been done by a competitor of the employer. According to claimant, the conversation ended with his supervisor telling him that his services were no longer needed. When claimant returned from his vacation, he discovered a newspaper advertisement placed by his employer for the position of dispatcher. Thereafter, claimant applied for and received unemployment insurance benefits totaling $5,670. By initial determinations, the Department of Labor disqualified him from receiving benefits on the ground that he voluntarily left his employment without good cause and, alternatively, on the ground that he was discharged for misconduct, and it also charged him with a recoverable overpayment of benefits and reduced his right to receive future benefits by eight effective days. Following a hearing, an Administrative Law Judge overruled the initial determinations and found that claimant was entitled to receive benefits. The Unemployment Insurance Appeal Board upheld the Administra-

tive Law Judge's decision and this appeal by the employer ensued.

We affirm. Claimant's testimony regarding the circumstances surrounding his separation from employment provides substantial evidence supporting the award of benefits (*see e.g. Matter of Pitts [Reeb Millwork Corp. of N.Y.—Commissioner of Labor],* 309 AD2d 1121 [2003]; *Matter of Wilson [Community Health & Home Care—Commissioner of Labor],* 308 AD2d 667, 668 [2003]). The contrary testimony provided by the employer's witnesses presented a credibility issue for the Board to resolve (*see Matter of Pitts [Reeb Millwork Corp. of N.Y.—Commissioner of Labor], supra*).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.