McCarthy, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 23, 2011, which ruled that claimant was entitled to receive unemployment insurance benefits.
The record establishes that claimant, a security officer, submitted a note from his doctor that he was medically unable to return to work following the expiration of his authorized leave. Because claimant could not provide the employer with a date that he would return to work, the employer notified claimant by letter dated September 3, 2010 that his position could not be held open indefinitely and that his employment, therefore, was terminated effective August 25, 2010. Claimant apparently never received that letter and contacted the employer on September 14, 2010, indicating that he was ready to return to work. The employer informed him of the termination, but the next day asked claimant if he would like the employer to reconsider its decision. Claimant declined and subsequently applied for unemployment insurance benefits. Claimant was awarded benefits and the employer now appeals.
The employer asserts that, by declining its offer to consider whether to rescind its decision to discharge claimant and reinstate him, claimant voluntarily left his employment. Because the record establishes that claimant’s employment was terminated by the September 3, 2010 letter, substantial evidence supports the determination of the Unemployment Insurance Appeal Board that claimant could not have subsequently resigned on September 15, 2010 (see e.g. Matter of Feminella [Fred A. Cook Jr., Inc. — Commissioner of Labor], 30 AD3d 950, 951 [2006]; Matter of Hendry [Women In Need — Hudacs], 205 AD2d 819, 820 [1994]). Moreover, to the extent that the employer contends that claimant refused an offer of reemployment on September 15, 2010, the record establishes that claimant had not yet applied for unemployment insurance benefits and, therefore, such refusal cannot be the basis of disqualification under Labor Law § 593 (2) (see Matter of Foy [Ross], 79 AD2d 842, 842 [1980]; Matter of Foscarinis [Corsi], 284 App Div 476, 477-478 [1954]).
The employer’s remaining contention, that claimant was not ready, willing and able to work, was not raised at the hearing and, therefore, is not properly before this Court (see Matter of Tedesco [Commissioner of Labor], 73 AD3d 1412, 1413 [2010]).
*901 Lahtinen, J.P., Spain and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.