Matter of Behm (UTOG 2-Way Radio, Inc.--Commissioner of Labor) (2021 NY Slip Op 04403)





Matter of Behm (UTOG 2-Way Radio, Inc.--Commissioner of Labor)


2021 NY Slip Op 04403


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

531806
[*1]In the Matter of the Claim of Robert Behm, Respondent. UTOG 2-Way Radio, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:June 17, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Paul P. De Fiore, Long Island City, for appellant.
David Abrams, New York City, for Robert Behm, respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 2019, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as a black car driver for the employer until August 2017, when he resigned to take a salaried position elsewhere. He was laid off from the new position in March 2018 and applied for unemployment insurance benefits. After he failed to respond to a June 2018 letter from the employer in which it advised that vehicle driver positions were available and directed him to get in touch "to discuss when you will report for work," the employer argued that he had rejected a bona fide offer of employment and was ineligible to receive unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately disagreed, and the employer appeals.
We reverse. "[I]t is for the Board to decide whether a claimant has refused an offer of suitable employment for which he or she is reasonably fitted by training and experience, and its decision in this regard will be upheld if supported by substantial evidence" (Matter of Gibbons [Animation Project-Commissioner of Labor], 120 AD3d 1516, 1516 [2014]; see Labor Law § 593 [2]; Matter of McKeon [Community Health & Home Care-Commissioner of Labor], 306 AD2d 792, 792 [2003]). The Board here found that the June 2018 letter was not a bona fide offer of employment because the employer gave no details as to a start date, salary, location or job duties (see e.g. Matter of Turner [Commissioner of Labor], 6 AD3d 915, 916 [2004]). The hearing testimony left no doubt, however, that the June 2018 letter was intended as an offer for claimant to return to his former job upon the same terms as he had left it. There was no misunderstanding of that intent by claimant, who admitted that he viewed the letter as an offer to "go[] right back where he was" as a driver and that he did not respond because he had no interest in returning to a job with no set salary or benefits. Thus, although the Board could have arguably accepted the contention of claimant that he had "good cause" to refuse the offer of employment, substantial evidence does not support its finding that no legitimate offer was made, and its decision cannot stand (Labor Law § 593 [2]; see Matter of Papageorge [Sweeney], 220 AD2d 917, 918 [1995]; Matter of Crowe [Dates Laundry Serv., Inc.-Corsi], 280 App Div 427, 430 [1952], affd 305 NY 699 [1953]; compare Matter of Turner [Commissioner of Labor], 6 AD3d at 916). In view of the foregoing, the employer's remaining contentions are academic.
Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.